**In re John A. POURTLESS III, Victoria L. Pourtless, Debtors.**

**Bankruptcy No. 87–10008 M.**

United States Bankruptcy Court, W.D. New York.

Nov. 23, 1988.

**24**

Thomas E. Andruschat, East Aurora, N.Y., for debtors.

Goldstein, Navagh, Bulan & Chiari (Susan M. Hassinger, of counsel), Buffalo, N.Y., for Commonwealth Sav. and Loan Ass'n.

BERYL E. McGUIRE, Chief Judge.

The debtors in this case filed a petition under the provisions of Chapter 13 of Title 11 U.S.C. on January 5, 1987. Accompanying their petition was a plan which proposed that their secured creditors be paid 100% of their claims, while unsecured creditors be paid 20% of their claims. Included among their secured creditors was Commonwealth Savings & Loan Association (Commonwealth), which was scheduled as having a security interest in the debtors' 1985 Chevy S–10 Blazer.

The meeting of creditors and the hearing on confirmation were duly noticed to all creditors. That notice included a specific notice to secured creditors that "a hearing to determine ... the value of any claimed security interest in property of the debtor will be held at the hearing on confirmation."

Commonwealth filed its proof of claim on February 24, 1987, listing its claim as being secured by the debtors' Blazer and as having due thereon the sum of $9,894.11. It attached evidence of its security interest, perfection of that interest, and a declaration estimating the value of its collateral at $9,075.

Commonwealth did not appear at the meeting of creditors or at the hearing on confirmation, both of which were held on March 17, 1987. At the confirmation hearing, based upon the trustee's report and the debtors' testimony, the Court valued Commonwealth's collateral at $8,475, and the balance of its claim was allowed as a general unsecured claim. The plan, insofar as Commonwealth was concerned, was confirmed pursuant to the provisions of section 1325(a)(5)(B), which deals with claims of secured creditors who have not accepted a plan. The confirmation order was filed on March 24, 1987.

In mid June of 1988, the debtors' Blazer was demolished in an accident. The insurance carrier on the debtors' vehicle subsequently forwarded to Commonwealth a check for $5,449.27, representing the unpaid balance on the secured portion of its claim and a check for approximately $220, representing the 20% dividend due on its unsecured claim. The carrier also has agreed to pay an additional sum to the debtors on this loss.

The debtors, through their attorney, then requested Commonwealth to issue to them a release of lien. When it failed to do so, the debtors filed a motion seeking an order compelling issuance of the release and an award of reasonable attorney's fees.

In response, Commonwealth challenges validity of the confirmation order in the debtors' case insofar as it fixed the value of the debtors' vehicle at less than its claim of $9,894.11. More specifically, it claims that the procedure employed was incompatible with sections 502(a) and 506 of Title 11 U.S.C. and Bankruptcy Rule 3001(f) and, perhaps, Rules 3007 and 3012. It cites the case of *In re Stein*, 63 B.R. 140 (BC Neb. 1985) in support of its view. In essence, it believes it should receive all insurance proceeds stemming from the loss of its collateral.

### I.

By virtue of a general order of reference entered by the U.S. District Court, pursuant to section 157(a) Title 11 U.S.C., this Court has jurisdiction over this subject matter. It being a core matter, this Court

also has jurisdiction to enter a dispositive order.

## II.

■ The initial issue is whether, at the confirmation hearing, given Commonwealth's proof of claim declaring a collateral value of $9,075, this Court had the authority to fix that value at $8,475. The trustee's recommendation as to value is based upon the debtors' testimony as to mileage, condition, collision damage, if any, and equipment on the vehicle, and, in turn, is derived by the trustee from a NADA book of values which is issued monthly to the automobile and truck trade as a guide. This analysis is detailed in the trustee's report and, absent a quarrel by the creditor or debtor, is frequently accepted by the Court.

In the Court's view, the conduct of the valuation hearing at the hearing on confirmation, upon due notice to secured creditors, is fully in accord with both the Bankruptcy Code and Rules.

■ Under section 502(a) of the Code and Bankruptcy Rule 3001(f), a filed proof of claim is deemed allowed and is prima facie evidence of its validity and amount. What was involved in this instance, however, was not the allowance, validity, or amount of Commonwealth's claim, but a determination of the value of its security. That determination is governed by section 506 of the Code. In pertinent part, and as applicable in this instance, subsection (a) of section 506 provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed ... use of such property, and *in conjunction with any hearing ... on a plan affecting* such creditor's interest. Emphasis added.

Thus it is clear from the Code itself that a valuation hearing is anticipated as part and parcel of a confirmation hearing. (It should be noted that the subsection also clearly anticipates valuation hearings in other contexts, such as hearings on the disposition or use of estate property. See, e.g., § 362, Title 11 U.S.C.).

As the Court understands Commonwealth's argument, it also views the addressing of valuation of creditors' claims at a confirmation hearing to be inconsistent with Bankruptcy Rules 3007 and 3012. Quite to the contrary, Bankruptcy Rule 3007 is the procedural mechanism for bringing on allowance issues on the substantive grounds such as those described in section 502, Title 11 U.S.C. Bankruptcy Rule 3012, on the other hand, does address valuation issues, but it is intended only to provide a general procedure when a valuation determination may be important in a context not anticipated by the Code. That is to say, as the Advisory Committee note points out, "The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code." Although perhaps somewhat obliquely stated in that note, the "Bankruptcy Code Comment" to Rule 3012, which is contained in the 1988 Collier Pamphlet Edition, is much clearer:

> Bankruptcy Code—Comment

> This rule implements § 506(a) of the Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extent to which it is unsecured. Valuation is important for various reasons in chapter 7, 9, 11, and 13 cases and normally such valuation would arise within the context of the particular purpose for which it is necessary. The rule provides a general procedure when valuation may be imporatant (sic) in the absence of a particular context.

## III.

■ A subsidiary point, raised by the Court in connection with the argument of

this matter, relates to the effect, if any, of the lien retention provision of section 1325(a)(5)(B)(i). That is to say, does that provision itself preserve any rights of the creditor in the proceeds here at issue? The Court now is satisfied it does not.

Section 1327 of Title 11 governs the effect of a confirmation order in a Chapter 13 case. It provides in pertinent part:

> (a) The provisions of a confirmed plan bind the debtor and each creditor ... whether or not such creditor has objected to, has accepted, or has rejected the plan.

> (b) ... the confirmation of a plan vests all of the property of the estate in the debtor.

> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Thus, it is clear that under the express provisions of the Code, this creditor's rights in this case are totally extinguished upon payment of the sums called for in the order of confirmation.

At first blush, the Court had been troubled by the thought that perhaps the debtors in some fashion were receiving a windfall in this case because they would be receiving a portion of the insurance proceeds, the thought being that perhaps that fact, in and of itself, indicated an erroneous valuation at the point of confirmation.

While there is no analytical evidence on this point, the Court is now satisfied that its concern was basically too shallow in its approach. Many Chapter 13 plans, like this one, provide for priority payment on secured claims. Since payment on a secured claim must reflect the time value of money [see, § 1325(a)(5)(B)(ii)], such a priority represents a cost saving to debtors. A concomitant effect of that priority, however, will often be that the debtor builds an equity in the vehicle. That is to say, the payment stream more than compensates for depreciation of the vehicle.

On this record, there is no reason to believe that that did not occur here.

IV.

■ The debtors' motion for an order directing Commonwealth to issue a release of lien is granted.

The concerns of Commonwealth were hardly so ill-founded as to warrant an award of attorney's fees. Accordingly, the balance of the debtors' motion is denied.

So Ordered.