In re William and Debra
CALVERT, Debtors.

GREEN TREE ACCEPTANCE, INC.,
Plaintiff–Appellant,

v.

William and Debra CALVERT,
Defendants–Appellees.

No. 89–7076.

United States Court of Appeals,
Eleventh Circuit.

Aug. 1, 1990.

Johnston, Barton, Proctor, Swedlaw &
Naff, Michael L. Hall, David W. Proctor,
Birmingham, Ala., for plaintiff-appellant.

Thomas M. Semmes, Anniston, Ala., for
defendants-appellees.

Harry P. Long, Long & Norton, Anni-
ston, Ala., for amicus curiae Mavis E.
Gardner.

Before JOHNSON and EDMONDSON, Circuit Judges, and PECKHAM *, Senior District Judge.

PECKHAM, Senior District Judge:

In this appeal, we must decide whether the district court erred in affirming certain procedures followed by the bankruptcy court in determining the secured status of a claim pursuant to 11 U.S.C. § 506(a). On its own motion and without specific notice to the parties, the bankruptcy court fixed the value of a mobile home securing a claim held by creditor-appellant Green Tree Acceptance, Inc., ("Green Tree"), against debtors-appellees William and Debra Calvert. Because we find that these actions violated the procedural requirements of Bankruptcy Rule 3012, which implements § 506(a), we believe the district court erred and reverse accordingly.

I. *Facts and Procedure.*

William and Debra Calvert bought a mobile home from Adventure Homes, Inc., for $17,238.00 in 1982. They agreed to pay an interest or finance charge of $27,732.00, bringing their total debt to Adventure Homes to $43,398.00. Adventure Homes assigned this debt to Green Tree soon thereafter.

On January 14, 1988, the Calverts filed a Chapter 13 bankruptcy petition. They also filed a proposed bankruptcy plan subject to confirmation by the bankruptcy court listing Green Tree's claim as secured by the mobile home, which the Calverts valued at $6000.00. On February 10, 1988, Green Tree filed pursuant to 11 U.S.C. § 501 a proof of claim, which gave the total amount of debt outstanding as $27,003.20 and listed the fair market value of the mobile home in which Green Tree claimed a security interest as $12,713.00 rather than $6000.00. No objection to this proof of claim was ever filed.

The bankruptcy court had sent a notice of the confirmation hearing dated January 19, 1988, to all creditors. The notice read in pertinent part:

A hearing on the confirmation of the plan will be held.... During this confirmation hearing, *the Court may on it's [sic] own motion receive evidence of the value of collateral and determine allowed secured claims or secured portions of allowed claims*, and will consider objections to confirmation of the plan ... (emphasis added).

Green Tree failed to send a representative to this hearing, which was held May 31, 1988. At the hearing, the bankruptcy court refused to confirm the Calverts' proposed plan on the grounds that it did not meet the requirements of 11 U.S.C. § 1322 governing the contents of bankruptcy plans. The bankruptcy court nevertheless still reached the issue of Green Tree's proof of claim, finding that Green Tree's security interest in the mobile home had never been perfected. It also heard evidence on the value of the mobile home even though there is nothing in the record to indicate that any party in interest moved the court to take up this issue.

In June of 1988, the Calverts filed an amended proposed bankruptcy plan and moved the bankruptcy court to reconsider its dismissal of the petition. This amended plan did not show any claim by Green Tree, giving Green Tree's secured interest as zero. Green Tree then filed both an objection to the amended proposed plan and an amended proof of claim providing evidence that its security interest had been perfected. The amended proof of claim gave the same figures as in the first proof of claim, listing the total claim as $27,003.20 and valuing the mobile home at $12,713.00. Again, no objection to this proof of claim was ever filed.

The bankruptcy court held a second confirmation hearing to review the amended plan on July 26, 1988. It gave notice to the parties that a hearing would be held on the Calverts' motion to reconsider the first bankruptcy plan. The notice contained no specific reference to the valuation issue. Green Tree was represented at the hearing

---

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of Califor- nia, sitting by designation.

and provided evidence which convinced the bankruptcy court that its security interest had been perfected. At that point, the court and the Calverts agreed that the Calverts should proceed not on the amended plan but on their first plan, which had shown Green Tree with a secured interest and valued the mobile home at $6000.00. The court then allowed Mr. Calvert to testify that the value of the mobile home was $7000.00.

In the Findings of Fact and Order dated August 19, 1988, the bankruptcy court valued the mobile home at $7000.00, determined that Green Tree held a secured claim against the Calverts for that amount, and confirmed the first proposed bankruptcy plan.

## II. *Standard of Review.*

 The factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous; however, conclusions of law made by either the bankruptcy court or the district court are subject to *de novo* review. *In re Sublett*, 895

F.2d 1381 (11th Cir.1990); *In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989). In a bankruptcy case, the district court functions as an appellate court, rendering this court the "second court of review." *In re Sublett, citing Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987).

## III. *Analysis.*

11 U.S.C. § 506(a) governs the determination by the bankruptcy court of the secured status of an allowed claim.[1]

It provides in pertinent part:

An allowed claim of a creditor ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.... Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing ... on a plan affecting such creditor's interest.

The phrase "value of such creditor's interest" in § 506(a) simply refers to the value

---

1. We note that Green Tree in its brief focuses almost exclusively on the procedural requirements pertaining to 11 U.S.C. § 502, governing the allowance of claims. Green Tree assumes that the bankruptcy court valued the mobile home as part of the claim allowance process rather than as a prerequisite to determining the extent to which Green Tree's claim against the Calverts was secured. Because we agree with the district court that the bankruptcy court acted under the aegis of § 506 rather than § 502 when it valued the mobile home, we will not consider in any detail the procedural requirements of § 502. Nevertheless, some explanation of the distinction between the two provisions is necessary.

11 U.S.C. § 502(a) governs the allowance by the bankruptcy court of secured and unsecured claims against debtors. It provides, "A claim or interest, proof of which is filed under § 501 of this title, is deemed allowed unless a party in interest ... objects." Proofs of claim such as those filed by Green Tree thus function is *prima facie* evidence of the validity and amount of a creditor's claim. *In re Hartford*, 7 B.R. 914, 916 n. 7 (D.Maine 1981).

Bankruptcy Rule 3007 sets forth the required process for filing an objection to a proof of claim. It provides, "An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant...." Green

Tree bases this appeal almost exclusively on the violation of Rule 3007. It argues that the bankruptcy court valued the mobile home differently than as stated in Green Tree's proofs of claim despite the lack of written objection and without proper notice of a hearing on such objection.

The bankruptcy court's valuation of the mobile home must be understood as part of the § 506 determination of secured status rather than the § 502(a) claim allowance process, however. The bankruptcy court undertakes the determination of secured status in conjunction with the confirmation hearing on the proposed bankruptcy plan but only as to claims which have already been deemed allowed. *See, e.g., In re Hartford*, 7 B.R. at 916 (§ 506 valuation occurs in conjunction with confirmation hearing after § 502 claim allowance); *In re Hotel Associates, Inc.*, 3 B.R. 340, 341–42 (E.D.Pa.1980) (claim must be allowed under § 502 before its secured status can be determined under § 506).

Given the lack of written objection, Green Tree's claim was deemed allowed under § 502(a). The hearing on collateral valuation was part of the subsequent § 506 determination of the extent to which this allowed claim was secured. Thus, the question for the court is only whether the bankruptcy court followed the appropriate procedures, as dictated by § 506 and the Rules promulgated thereunder, in valuing the collateral as part of this determination.

of the collateral securing the debt. *United Savings Association of Texas v. Timbers of Inwood Forest Associates Ltd.*, 484 U.S. 365, 372–373, 108 S.Ct. 626, 630–631, 98 L.Ed.2d 740, 749 (1988). The bankruptcy court determines the value of the collateral in order to segment an undersecured claim allowed pursuant to § 502(a) into two portions: a secured portion to the extent of the value of the collateral, and an unsecured portion to the extent that the allowed claim is greater than the value of the collateral. S.REP. NO. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787.

 Bankruptcy Rule 3012 provides the procedural framework [2] for valuing collateral as part of a § 506(a) determination of the secured status of a claim. It states:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any part in interest and *after a hearing on notice to the holder of the secured claim* and any other person as the court may direct. (emphasis added).

Thus, according to the language of the rule, the bankruptcy court must act only in conjunction with a hearing on notice to the holder of the secured claim. *See also*, App. 1 Collier on Bankruptcy 1354 (15th ed. 1989). Section 506(a) approves of holding this hearing in conjunction with the confirmation plan, as was done here; there is no requirement of a separate hearing. However, Rule 3012 requires that specific notice be given that the bankruptcy court will determine the extent to which the claim is secured. Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the security valuation process, does not satisfy the requirement of Rule 3012.

 As discussed above, the bankruptcy court stated in the notice of the first confirmation hearing that it might hear evidence on the collateral valuation issue. However, as to the critical second hearing, where the bankruptcy court actually decided the value of the collateral, the only notice given was that the court would hear the Calverts' motion to reconsider their bankruptcy plan.

 We find that the bankruptcy court violated the procedural requirements of Rule 3012 when it failed to give specific notice to Green Tree, the holder of the secured claim, that it would take up the collateral valuation issue.[3] Accordingly, we REVERSE the district court and REMAND for further proceedings not inconsistent with this opinion.

---

**2.** We are concerned in this appeal only with whether the bankruptcy court followed the appropriate procedures in taking up the issue of the mobile home's value. Neither party contends that the bankruptcy court erred by applying an incorrect measure of value or method of valuation—e.g., fair market value or liquidation value. Therefore, we will not examine the case law addressing methods for calculating the value of various types of collateral. *See, e.g., In re Lackow Brothers, Inc., Debtor,* 752 F.2d 1529 (11th Cir.1985).

**3.** On a related point, we note that the bankruptcy court's notice that it *might* hear the valuation issue at the first confirmation hearing also violated Rule 3012. By issuing general notice that the valuation issue might be considered without definitely alerting creditors to this prospect, the bankruptcy court placed an undue burden on creditors. In requiring specific notice, Rule 3012 insures that creditors will not needlessly attend hearings where collateral valuation will not be contested. It would contravene the intent of the rule to allow bankruptcy courts, as a routine matter, to issue notice of a mere possibility that they will consider collateral valuation.