In re Thomas Norville FOX, Dena Lucille Fox, Debtors.

Bankruptcy No. 2–91–00156.

United States Bankruptcy Court, S.D. Ohio, E.D.

April 8, 1992.

Samuel L. Calig, Columbus, Ohio, for Debtors.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

Stephen A. Santangelo, Columbus, Ohio, for TransOhio Sav. Bank.

## ORDER ON OBJECTION TO PROOF OF CLAIM AND MEMORANDUM CONTRA TRUSTEE'S OBJECTION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Objection to Proof of Claim filed by Frank Pees, the Chapter 13 Trustee, ("Trustee") regarding the claim of TransOhio Savings Bank and the Memorandum Contra Trustee's Objection to Proof of Claim filed by TransOhio Savings Bank ("TransOhio"). A hearing to consider this matter was held November 25, 1991 at which time the parties were afforded the opportunity to present evidence in support of their respective positions.

The Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I. *Findings of Fact*

Thomas N. Fox and Dena L. Fox ("Debtors") filed a joint petition in bankruptcy under Chapter 13 on January 10, 1991. In their statement and schedules, which were filed simultaneously with the petition, the Debtors listed an ownership interest in real estate which they valued at $35,000.00. The Debtor also indicated that the real estate was encumbered by liens held by: Ross Mortgage in the amount of $7,600.00 (first mortgage); Household Finance in the amount of $23,487.00 (second mortgage); and TransOhio in the amount of $11,470.00 (third mortgage).

Following the filing of the petition, the Bankruptcy Court issued an Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stays dated January 16, 1991. This Order was sent to all of the Debtors' creditors, including TransOhio. In addition to advising creditors of the time and date of the meeting of creditors, the Order also informs the creditors of the time and date of the confirmation hearing. The Order also specifically provides:

[T]he Court will hear, at the time of confirmation, evidence, as appropriate, concerning the value of a creditors [sic] interest in the debtor's property.

TransOhio was present at the meeting of creditors.

On January 31, 1991, TransOhio filed a proof of claim with the Bankruptcy Court asserting a fully secured claim in the amount of $12,109.32. The Debtors, in accordance with Local Bankruptcy Rule C–3.18.8(c), filed an appraisal with the Bankruptcy Court on February 11, 1991. The appraisal established the value of the real estate at $35,000.00. A confirmation hearing was held April 4, 1991, at which time the Debtors' plan was confirmed. An order confirming the plan was entered by the Court on April 8, 1991.

The Trustee objected to the claim filed by TransOhio on the grounds that the value of the real estate was insufficient to secure any portion of the TransOhio claim after payments to the first and second mortgage holders and deduction of a hypothetical 10% cost of sale.

## II. *Conclusions of Law*

 Section 506(a) of the Bankruptcy Code provides in pertinent part:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value shall be determined* in light of the purpose of

the valuation and of the proposed ... use of such property, and *in conjunction with any hearing ... on a plan affecting* such creditor's interest. (Emphasis added).

Clearly, the Bankruptcy Code contemplates, authorizes, and arguably directs the Court to determine issues of asset valuation at the confirmation hearing.

The provisions of § 506(a) do, however, appear at odds with Bankruptcy Rule 3012 which provides:

### Valuation of Security

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Rule 3012 does not set forth any time guidelines or limitations for determining valuation and appears to indicate that the issue of valuation may be raised at any time by the filing of a motion by any party in interest. This would be in contravention of the requirement found in § 506(a) that valuation be determined at the confirmation hearing.

TransOhio directs the Court's attention to *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069 (11th Cir. 1990). In *Calvert,* Green Tree held a lien in the amount of approximately $27,000.00 upon a mobile home which the debtors, in their bankruptcy schedules, had valued at $6,000.00. Prior to the debtor's confirmation hearing, the bankruptcy court issued a notice to creditors providing them with the date and time of the confirmation hearing and advising creditors:

During this confirmation hearing, the Court may on it's [sic] own motion receive evidence of the value of collateral and determine allowed secured claims or secured portions of allowed claims....

The confirmation hearing was held, but the plan was not confirmed for reasons not concerning the Green Tree claim. The debtors subsequently filed an amended plan to correct the problems which had

prevented confirmation and requested the court to reconsider confirmation of the plan. The court granted the debtors' request and sent a second notice to creditors informing the creditors of the date and time of the hearing to reconsider confirmation of the debtors' plan. However, this second notice did not contain any specific reference to the valuation issue. At the second hearing, the court confirmed the debtors' plan and established a value of $7,000.00 for the mobile home securing Green Tree's claim. Green Tree appealed from the bankruptcy court's determination of valuation.

The appellate court attempted to resolve the apparent conflict between § 506(a) and Bankruptcy Rule 3012:

> Section 506(a) approves of holding this [valuation] hearing in conjunction with the confirmation plan ...; there is no requirement of a separate hearing. However, Rule 3012 requires that specific notice be given that the bankruptcy court will determine the extent to which the claim is secured. Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the securing valuation process, does not satisfy the requirement of Rule 3012.

*Calvert*, 907 F.2d 1069, 1072.

The appellate court concluded that the second notice advising creditors solely of the time and date of the hearing on the debtors' request for reconsideration did not satisfy the notice requirement mandated by Bankruptcy Rule 3012. In a footnote, the appellate court also noted that the first notice would also not have met the notice standard imposed by Rule 3012, as the first notice indicated that the bankruptcy court "might hear the valuation issue ..." *Calvert*, 907 F.2d 1069, 1072 n. 3.

The decision in *Calvert* was based upon the perceived failure to provide proper notice to creditors of the bankruptcy court's intention to value the creditor's collateral at the confirmation hearing. The *Calvert* decision is clearly distinguishable from the case at hand. First, the Order sent to and assumably received by TransOhio regarding the confirmation hearing does advise TransOhio that the issue of valuation will be determined at the confirmation hearing. Second, the notice in this case is clear and is not a *suggestion of a possibility* of a value determination, as in the *Calvert* case. As previously quoted, the notice sent to TransOhio provides that the Court will hear evidence of value, as appropriate, at the confirmation hearing. Third, a timely objection to the claim filed by TransOhio was made by the Trustee, unlike the Green Tree claim which received no objection.

In addition, this Court is aware of the valuation process which is a generally accepted practice in this jurisdiction. Creditors having a dispute with a debtor over the value of collateral typically negotiate a compromise at the meeting of creditors. Value stipulation forms are made readily available to the parties at the meeting of creditors by the Trustee. Creditors which are unable to reach an agreement with the debtor regarding valuation normally file an objection to confirmation or a request for valuation on the grounds that the debtor has undervalued the creditor's collateral. The objection or request for valuation is then heard at the confirmation hearing, as the Order sent to creditors advises.

The Court is confident that TransOhio is familiar with this recognized practice. TransOhio was present at the meeting of creditors but apparently chose not to negotiate with or question the Debtors regarding the Debtors' valuation of the collateral. If TransOhio disputed the value the Debtors had assigned to the real estate, it is difficult for this Court to understand why TransOhio would set aside normal practice, ignore the Order sent to creditors, and wait until after the confirmation hearing to raise the issue of valuation of its collateral.

Further, this Court questions the reasoning of the *Calvert* court in attempting to reconcile the apparent conflict between § 506(a) and Bankruptcy Rule 3012. The Court is inclined to adopt the analysis set forth in the case of *In re Pourtless*, 93 B.R. 23 (Bankr.W.D.N.Y.1988). The court in *Pourtless* researched the history of

Bankruptcy Rule 3012 and concluded that valuation of collateral regarding secured claims is appropriately determined at a confirmation hearing, and Rule 3012 is inapplicable in such contexts.

As the Court understands Commonwealth's argument, it also views the addressing of valuation of creditors' claims at a confirmation hearing to be inconsistent with Bankruptcy Rules 3007 and 3012. Quite to the contrary, Bankruptcy Rule 3007 is the procedural mechanism for bringing on allowance issues on the substantive grounds such as those described in section 502, Title 11 U.S.C. Bankruptcy Rule 3012, on the other hand, does address valuation issues, but it is intended only to provide a general procedure when a valuation determination may be important in a context not anticipated by the Code. That is to say, as the Advisory Committee note points out, "The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code." Although perhaps somewhat obliquely stated in that note, the "Bankruptcy Code Comment" to Rule 3012, which is contained in the 1988 Collier Pamphlet Edition, is much clearer:

### Bankruptcy Code—Comment

This rule implements § 506(a) of the Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extent to which it is unsecured. Valuation is important for various reasons in chapter 7, 9, 11, and 13 cases and normally such valuation would arise within the context of the particular purpose for which it is necessary. The rule provides a general procedure when valuation may be imporatant (sic) in the absence of a particular context.

*In re Pourtless,* 93 B.R. 23, 25.

Regardless of which court's reasoning is applied, the facts in this case clearly indicate that the determination of the value of

TransOhio's collateral at the confirmation hearing was proper.

TransOhio also argues that a determination as to value has never been made by the Court in this case. The Court finds this argument to be completely without merit. While it is true that there was no evidence presented at the confirmation hearing regarding the value of the real estate, the Court did have before it the real estate appraisal filed by the Debtors and the Debtors' sworn representation as to value stated in the Debtors' schedules. In the absence of an objection by any creditor, the Court already had sufficient evidence to reach a finding regarding valuation. TransOhio would appear to have the Court receive evidence at the confirmation hearing regarding all matters necessary for confirmation, such as feasibility and satisfaction of the best interests test, whether an objection is raised as to those matters or not. TransOhio's position is obviously untenable.

TransOhio's contention that a decision regarding valuation was not made by the Court is equally untenable. The Order Confirming Chapter 13 Plan entered April 8, 1991 specifically finds:

With respect to each allowed secured claim provided for by the plan: the holder of such claim accepts, or is deemed to accept, the plan; the plan provides that the holder of such claim retain the lien securing such claim, and *the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;* or the debtor surrenders the property securing such claim to such holder; (Emphasis added).

The Confirmation Order further provides:

*The value of property* which is the subject of a security interest *shall be the lessor of* the value set forth in the debtor's schedules or the value set forth in the proof of claim, unless a different value is stipulated by the parties or determined by Court order. (Emphasis added).

■ In this case: (1) TransOhio did not file an objection to the Debtors' plan; (2) the value assigned to the real estate is the value set forth in the Debtors' schedules, which is less than the value set forth in TransOhio's proof of claim; (3) the parties have not stipulated to a different value; and (4) the Court has not issued an order altering the valuation. Although the Court did not issue an order specifically holding that the value of the real estate was the value set forth by the Debtors, it is clear that: (1) the plan could not have been confirmed unless the Court had so found, and (2) the Court had sufficient evidence before it to reach such a finding. The Debtors' valuation was necessarily adopted by the Court in confirming the Debtors' plan.

■ In addition, it is well settled that a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation. *See* 11 U.S.C. § 1327(a) and *In re Szostek*, 886 F.2d 1405 (3d Cir.1989). TransOhio did not raise the issue of valuation prior to confirmation of the Debtors' plan, although it clearly could have and, under § 506(a), should have. TransOhio is thus precluded from raising the issue at this late point in the case.

Such a finding is almost mandated. A procedural nightmare would result if creditors were permitted to challenge valuation of collateral after a plan had already been confirmed. If TransOhio were permitted to have the issue of valuation reconsidered and TransOhio were successful in establishing a higher value for the real estate, the Debtors' plan would no longer be confirmable as proposed. The Court would then have to vacate the confirmation order. Taken to an extreme, TransOhio would have creditors challenging valuation of collateral under Bankruptcy Rule 3012 in the fifth year of a confirmed plan, thereby potentially rendering the plan unconfirmable after nearly five years of performance by the debtors. Such an outcome was obviously not contemplated by the Bankruptcy Code or Rules. Therefore, it is hereby

ORDERED that the Trustee's Objection to Proof of Claim regarding the proof of claim filed by TransOhio Savings Bank is granted.

IT IS SO ORDERED.