**In re Marc John KING and Sharon Christine King, Debtors.**

**Bankruptcy No. 93–2101–BKC–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 28, 1994.

Ronald H. Cole, Lake City, FL, for debtors.

Terrance E. Schmidt, Jacksonville, FL, for Hancock Bank.

Mamie L. Davis, Trustee, Jacksonville, FL.

*FINDINGS OF FACT AND
CONCLUSIONS OF
LAW*

GEORGE L. PROCTOR, Bankruptcy
Judge.

This case is before the Court upon a Motion for Rehearing of an order granting motion to value collateral of Hancock Bank ("Hancock Bank"). The Court held a hearing on January 5, 1994, and upon the evidence presented enters these findings of fact and conclusions of law:

*Findings of Fact*

Debtors filed their petition under chapter 13 of title 11 on May 6, 1993. Pursuant to Rule 3002 the Court set September 7, 1993, as the last day for creditors to file claims against the estate.

Debtors filed their chapter 13 plan on May 6, 1993. The plan identifies Hancock Bank as the holder of a purchase money security interest in the amount of $7,500.00 and states that the fair market value of the security is $3,600.00. Debtors proposed to pay $74.74 for 60 months to Hancock Bank. This payment would represent the fair market value of the 1989 Ford Taurus automobile in which Hancock Bank has a collateral interest.

On July 23, 1993, Debtors filed motion to value security of Hancock Bank. Debtors' attorney certified that a copy of the motion was served pursuant to Federal Rule of Bankruptcy Procedure 7004 on the Standing chapter 13 Trustee, the Assistant United States Trustee and George Scholegal, President, Hancock Bank. However, the attorney for Hancock Bank, who had attended debtors' § 341 meeting of creditors on June 7, 1993, was not served. Hancock Bank's attorney did not file a notice of appearance and request for service in this case until September 7, 1993.

Pursuant to Federal Rule of Bankruptcy Procedure 3012 and its standing procedure, the Court then entered its Order Directing Response which states that a motion to value collateral has been received, that the motion is governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure and that the Respondent is entitled to reasonable notice and an opportunity for a hearing on the motion. In addition, the Court ordered:

[t]hat Respondent file a written response to the motion within twenty-five (25) days from the entry of this Order. If a timely response is not filed, the Court will consider the motion and attendant affidavits ex parte and enter an order valuing the 1989 Ford Taurus Automobile at $3,600.00 without further notice or hearing.

This order was sent by first-class mail to the president of Hancock Bank at the address provided by debtor. Again, no notice was sent to the Bank's attorney.

Hancock Bank failed to respond to the motion to value or the order directing response. On September 1, 1993, the Court entered an order granting debtor's motion pursuant to § 506(a) and valuing the collateral at $3,600.00.

On September 7, 1993, the attorney for Hancock Bank filed a notice of appearance and proof of claim for a secured claim in the amount of $7,366.56. On September 14, 1993, Hancock Bank filed its motion for rehearing of the valuation order.

*Conclusions of Law*

Hancock Bank first argues that the Court should grant its motion for rehearing because its failure to respond to the motion to value collateral was the result of an excusable failure of communication with its former counsel.

*Excusable Neglect*

Although Hancock Bank does not specify which rule the Court should use to grant relief, F.R.B.P. 9024 provides relief from the effect of a final order or judgment. Rule 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy, and states in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect ...

■ In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court addressed the excusable neglect standard in the context of enlarging the time for filing a proof of claim under F.R.B.P. 9006(b)(2). The Court specifically considered cases construing rule 60(b) in holding that a two step inquiry is required to make the excusable neglect determination. First, the Court decided that excusable neglect encompasses the idea of negligence and is not limited to situations that are beyond movant's control. And second, the Court found that the question whether the neglect is excusable is an equitable one which requires the court to make a decision based on the totality of the circumstances. The court considered the following factors relevant to the determination: the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it is within the reasonable control of the movant and whether the movant acted in good faith.

In *Pioneer* the Court said that neglect is to be considered in its ordinary sense and found that congress "plainly contemplated" allowing late filing where the omission was the result of "inadvertence, mistake, or carelessness ..." *Id.* —— U.S. at ——, 113 S.Ct. at 1495. It is clear that Hancock Bank's failure to respond to the order directing response fits within the ordinary meaning of neglect. The failure to respond resulted from the Bank president's failure to inform his attorney that he had received either the motion to value or the order directing response; there is no indication that the failure was the result of a conscious decision to ignore a court order. Because the failure to respond was due to neglect, the Court must now assess the circumstances in this case to determine whether the neglect was in fact excusable.

In *Pioneer,* the Court found the failure to timely file a claim, where the notice of the bar date was "inconspicuous," "peculiar" and "left a dramatic ambiguity in the notification" was excusable. *Id.* —— U.S. at ——, 113

S.Ct. at 1490. The Court placed great emphasis on the less than clear notice saying that "[t]his is not to say, of course, that respondent's counsel was not remiss in failing to apprehend the notice. To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect excusable." *Id.* —— U.S. at ——, 113 S.Ct. at 1500.

■ In this case, although the Court agrees with Hancock Bank that there is no indication that prejudice would result from a finding of excusable neglect, and there is no indication of bad faith, the notice provided to Hancock Bank was not at all ambiguous. Unlike the notice in *Pioneer,* the order directing response clearly states that the Court will enter an order within 25 days if respondent fails to respond. The Bank failed to communicate with its attorney after receiving the motion to value or the order directing response. This failure to take any action in the face of a clear order from the Court directing action is sufficient to distinguish this case from *Pioneer.* Although it may be a close call, the Court concludes that the failure to communicate is insufficient to warrant granting relief from the valuation order.

### Necessity for Filing Claim

Hancock Bank next argues that the valuation order was premature and the Court should grant its motion for rehearing because neither the Bank or the debtor filed a proof of claim prior to the Court's ruling on the motion to value and that filing a proof of claim is a prerequisite to ruling on a motion to value.

Debtor counters that its use of 11 U.S.C. § 506(a) to value the security was proper.

■ Accordingly, the Court must determine whether the filing of a claim is a prerequisite to establishing the value of security. The Code makes clear that filing a claim is permissive. 11 U.S.C. § 501. Neither the code nor the rules require a secured creditor to file a claim, indeed a properly secured lien passes through bankruptcy and the secured

creditor "may ignore the bankruptcy proceedings and look to the lien for the satisfaction of the debt." *In re Thomas,* 883 F.2d 991, 996 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990). It is only when a secured creditor wishes to pursue a deficiency claim that it must file a proof of claim. *Id.;* F.R.B.P. 3002(a). A deficiency claim is an unsecured claim. 11 U.S.C. § 506(a). Consequently, only when the value of the secured portion of a claim is less than the full amount of the claim must a secured creditor file a claim to protect its interest.

Section 506 of the Code determines the extent to which a creditor is secured. Section 506 states in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

F.R.B.P. 3012 provides the procedure for valuing collateral and states:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

The language of § 506 and rule 3012 indicates that Congress contemplated a claim being filed prior to a court establishing the value of a claim. Section 506 and rule 3012 speak in terms of valuing claims not collateral. Because an order valuing security values the claim and not the collateral, filing a proof of claim must precede the motion to value. It would be illogical to value something that does not yet exist.[1]

The Court finds support for this conclusion in the Eleventh Circuit case of *In re Calvert,* 907 F.2d 1069 (11th Cir.1990). In *Calvert,* the Eleventh Circuit found that valuing security at a hearing that was noticed only as a hearing on debtor's motion for rehearing on his chapter 13 plan did not satisfy the notice requirement contained in rule 3012. In determining whether the valuation procedure utilized by the bankruptcy court was sufficient, the court distinguished between allowance of claims under § 502 and valuation of claims under § 506. The Court said "[t]he bankruptcy court undertakes the determination of secured status in conjunction with the confirmation hearing on the proposed bankruptcy plan but only as to claims which have already been allowed." *Id.* at 1071 n. 1. In making this statement the Court relied on *In re Hotel Associates, Inc.,* 3 B.R. 340 (Bankr. E.D.Pa.1980) in which the court held that filing a claim is a prerequisite to the Court's determination of secured status. 11 U.S.C. § 502.

In addition, § 501 of the code allows a debtor to file a proof of claim for a creditor. Because debtor has the ability to file claims on behalf of his creditors,[2] requiring that a proof of claim be filed prior to a motion to value imposes no hardship upon debtor. Rather, it confers a benefit upon the debtor because it allows debtor to quickly file motions to value and move his case along and increases the burden on debtor only minutely.

Given the plain language of the Code, the provisions that allow a debtor to file claims on behalf of creditors and the Eleventh Circuit's discussion in *Calvert,* the Court is convinced that a claim is a prerequisite to the Court's ruling on a motion to value.

---

1. Filing a proof of claim is all that is required for that claim to be allowed unless a party in interest objects to the proof of claim. 11 U.S.C. § 502. Absent objection, all that is required to establish a claim is its filing.

2. The Court disagrees with Hancock Bank's assertion that debtor could not file a claim on its behalf prior to the bar date because a secured creditor need not file a claim, the time period contained in rule 3004 would not prevent debtor's filing a claim on behalf of the secured creditor.

**300**

Neither Hancock Bank nor the debtors filed a proof of claim until after the order granting motion to value was entered. Because the code values claims and none existed at the time the Court ruled, the order is a nullity and will be vacated.

### Valuation

The Court received evidence of value at the hearing on Hancock Bank's motion for reconsideration of order valuing security. The Court will now determine the value of Hancock Bank's secured claim.

In *In re Adams*, 2 B.R. 313 (Bankr. M.D.Fla.1980) this Court held that the correct valuation figure for security generally is wholesale value because that is the value the creditor will realize on disposition of the collateral using customary means.

 Hancock Bank submitted into evidence the May 1993 N.A.D.A. Guide to used cars at the January 5, 1993, hearing. The Bank argues that the Court should value the vehicle at retail which is $6,125.00 or at its trade in value of $4,625.00. Pursuant to the values given in the guide and the options on the car, the Court finds that the wholesale value of the vehicle is $4,200.00. The value of the Hancock Bank's secured claim is $4,200.00.

### Conclusion

Hancock Bank failed to show excusable neglect sufficient to receive relief from the order valuing security. However, the Court will vacate its order valuing Hancock's security because the Court erred in valuing the secured portion of the claim prior to a claim being filed. The value of the 1989 Ford Taurus automobile is $4,200.00. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER GRANTING MOTION FOR RE-HEARING, VACATING SEPTEMBER 1, 1993, ORDER GRANTING MOTION TO VALUE COLLATERAL AND VALUING SECURITY OF HANCOCK BANK

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. Motion for rehearing of order granting motion to value security of Hancock Bank is granted.

2. The September 1, 1993, Order Granting Motion to Value Collateral of Hancock Bank is vacated.

3. The value of the secured portion of Hancock Bank's claim is $4,200.00 and the balance of the claim is unsecured.