**In re Sheryl CALLAHAN, Debtor.**

**No. 00–30166–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

July 24, 2000.

Charles F. Kline, Lake Worth, Florida, for Debtor.

Thomas D. DeCarlo, West Palm Beach, Florida, for Volvo Car Finance, Inc.

Robin R. Weiner, Fort Lauderdale, Florida, trustee.

## ORDER SUSTAINING OBJECTION OF VOLVO CAR FINANCE TO ORDER CONFIRMING UNCONTESTED AMENDED CHAPTER 13 PLAN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on June 8, 2000, upon the Objection to Confirmation ("Objection") of the Debtor's first amended chapter 13 plan filed by Volvo Car Finance, Inc. ("Volvo"). Volvo asserts that the procedure established by the Court, and followed by the Debtor, resulting in the confirmation of the Debtor's first amended chapter 13 plan ("plan"), was improper, and that the valuation of Volvo's collateral was without proper notice and thus without due process. The Court, having carefully considered the argument of counsel and the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules for the Southern District of Florida, **sustains** Volvo's objection and **vacates** confirmation of the Debtor's plan.

This case was commenced on January 18, 2000, with the Debtor's filing of her chapter 13 petition. Pursuant to 11 U.S.C. § 341, a meeting of creditors was

scheduled and noticed by the Clerk of Court for February 29, 2000. There were no objections filed by creditors prior to the creditors' meeting, and at the creditors' meeting, the chapter 13 trustee ("Trustee") recommended confirmation of the plan. Subsequently, on March 13, 2000, the Court entered its Order Confirming Uncontested Amended Chapter 13 Plan and the Notice of Opportunity to Object to Amended Plan ("confirmation order"). Based upon the Court's review of the mailing matrix submitted by the Debtor with her schedules, and the Clerk's certificate of service, Volvo did receive the Notice of Commencement which was served upon all creditors, and which delineated the procedure for objecting to confirmation of the plan.

Pursuant to the original chapter 13 plan, filed with the Debtor's petition, schedules and statements on January 18, 2000, Volvo's claim, asserted to be in the amount of $19,183.63 and collateralized by a security interest in a 1996 Volvo 960 automobile, was valued at $15,000.00, which the Debtor proposed to pay under her plan at $270.00 per month, over a sixty-month term, at 8% interest. At the February 29, 2000 meeting of creditors, the Trustee recommended confirmation of an amended plan to be submitted by the Debtor. The **only change** in the amended plan related to **treatment of unsecured creditors,** and the amount to be paid on unsecured claims. **Treatment of Volvo's claim was not modified by the amended plan, and the confirmation order, which approved the Amended Chapter 13 Plan, was served on all creditors, including Volvo.**

In its written Objection to Confirmation, and in oral argument at the June 8 hearing, Volvo asserts two bases which allegedly warrant the vacation of the March 13 confirmation order:

(1) The plan impermissibly understates the value of the vehicle collateralizing Volvo's loan;

(2) The procedure employed by the Court as to confirmation of chapter 13 plans is defective.

Since the two issues are intertwined, the Court shall address them in tandem.

Prior to and at the June 8, 2000 confirmation hearing, the Debtor and her counsel fully complied with Administrative Order 99–2 relating to the procedure for consideration of chapter 13 plans in the Southern District of Florida. Under this procedure, as prominently displayed in this Court's standard Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines & Court's Confirmation Procedures, issued and served in the instant case by the Clerk of Court on January 25, 2000, the manner for establishing the value of secured creditors' collateral under 11 U.S.C. § 1322(b)(2) has been supplemented by an administrative order issued by this Court. Pursuant to Administrative Order 99–2, issued by Chief Judge Robert A. Mark on behalf of this Court on March 12, 1999, and pursuant to Local Rule 3015–3(A), objections to confirmation of chapter 13 plans must be raised at or before the § 341 Meeting of Creditors, and any written objections must be filed and served on the standing chapter 13 trustee at or before the meeting, or the objection is deemed waived. In the instant case, no written objection to confirmation was filed by Volvo prior to the § 341 Meeting.

In *Green Tree Acceptance, Inc. v. Calvert,* 907 F.2d 1069 (11th Cir.1990), the bankruptcy court sent out a notice of confirmation hearing, which read in pertinent part

A hearing on the confirmation of the plan will be held. . . . During this confirmation hearing, the Court may on it's [sic] own motion receive evidence of the value of collateral and determine allowed secured claims or secured portions of allowed claims, and will consider objections to confirmation of the plan. . . .

At the confirmation hearing, the bankruptcy court heard evidence on the value of the mobile home and ultimately denied confir-

mation for failure to comply with 11 U.S.C. § 1322 (the creditor holding a security interest in the debtor's mobile home was not present at the initial confirmation hearing). Subsequently, the debtors filed an amended plan, and the bankruptcy court sent notice to creditors that it would hold a hearing on the debtor's motion to reconsider the court's ruling on the first plan (the notice did not specifically refer to valuation of collateral). The secured creditor was present at the subsequent confirmation hearing and presented evidence which convinced the court that its security interest had been perfected. At the hearing, the debtor/husband testified that the value of the mobile home was $7,000. In its subsequent order confirming the original plan, the court valued the mobile home at $7,000 and valued the secured claim for the same amount.

On appeal, the Eleventh Circuit Court of Appeals determined that the language of Fed.R.Bankr.P. 3012 mandates a hearing on notice to the holder of the secured claim as part of the security valuation process. The court stated:

> Section 506(a) approves of holding [the Rule 3012] hearing in conjunction with the confirmation [hearing], as was done here. However, Rule 3012 requires that specific notice be given that the bankruptcy court will determine the extent to which the claim is secured.

*Id.* at 1072. The Eleventh Circuit implied that the bankruptcy court's notice of the first confirmation hearing was sufficient but held that notice of the second confirmation hearing failed to comply with Rule 3012.

■ In the instant case, counsel for the Debtor **failed to check,** on the Debtor's chapter 13 plan, the box stating, "IF CHECKED, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIMS OF THE CREDITORS LISTED BELOW PURSUANT TO 11 U.S.C. SECTION 506(a) AND BANKRUPTCY RULE 3012." Accordingly, the Creditor was entitled to a negative infer-

ence that the debtor **would not** seek cramdown of its secured claim at the confirmation hearing. For this reason **only,** the Court rules in favor of the Creditor, on the basis that notice was **insufficient** pursuant to the holding in *Calvert.* However, were it not for the oversight of the Debtor in failing to check the appropriate box regarding valuation of collateral on the Debtor's chapter 13 plan, notice would have been sufficient, and in compliance with Bankruptcy Rule 3012.

The Creditor also argues that the procedure prescribed under Administrative Order 99–2 is defective because it effectively and impermissibly shortens the time period under Bankruptcy Rule 3002 for the filing of a proof of claim. The Court finds the Creditor's argument regarding Bankruptcy Rule 3002 to be without merit. In *In re King,* 165 B.R. 296, 299 (Bankr. M.D.Fla.1994), the court ruled that the filing of a proof of claim is a prerequisite to the valuation of collateral pursuant to Rule 3012. The court quoted a footnote to the *Calvert* opinion, wherein the Eleventh Circuit noted that the bankruptcy court had undertaken the determination of the secured status of claims treated in a chapter 13 plan in conjunction with conducting a chapter 13 confirmation hearing, " 'but only as to claims which have already been deemed allowed.' " *Id.* (quoting *Calvert,* 907 F.2d at 1071 n. 1). However, the court rejected the secured creditor's argument that the debtor could not file a claim on behalf of the secured creditor prior to the Rule 3002 claims bar date. The court reasoned that Fed.R.Bankr.P. 3004 allows a debtor to file a proof of claim prior to the claims bar date, after which the debtor may "quickly file motions to value and move his case along. . . ."

■ Under the procedure currently followed in this district, a properly-prepared Chapter 13 Plan contains a notice in compliance with Bankruptcy Rule 3012 and sets forth the proposed treatment for the claim of each secured creditor to whom the notice applies. The Court finds that such

a properly-prepared plan constitutes an informal proof of claim. *See generally Charter Co. v. Dioxin Claimants*, 876 F.2d 861 (11th Cir.1989). Accordingly, the procedure employed in this district regarding the chapter 13 confirmation process complies with the holding in *King*.

For the reasons stated above, the objection of Volvo Car Finance, Inc. to this Court's March 13, 2000 confirmation order is **sustained.** The Debtor is granted **until August 8, 2000** to file an amended chapter 13 plan, which if filed, shall be set for consideration on this Court's next chapter 13 confirmation calendar. If the Debtor fails to file an amended chapter 13 plan, this case shall be **dismissed with prejudice** for a 180-day period.