[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-12628
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-01847-CV-T-26-MAP & 01-BK-07135-PMG

IN RE:  OSTENRE E. MATOS,

                                                                    Debtor,

_____

THE CADLE COMPANY,

                                                                    Plaintiff-Appellant,

versus

JOYCE ANN PARKS-MATOS,
a.k.a Joyce A. Parks, etc.

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(March 6, 2008)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

The Cadle Company ("Cadle") appeals the district court's order affirming the bankruptcy court's entry of final judgment in favor of the Chapter 7 Debtors, Ostenre E. Matos, a physician, and his wife, Joyce Ann Parks-Matos, in Cadle's action seeking revocation of the Debtors' bankruptcy discharge, pursuant to 11 U.S.C. § 727(d). In support of revocation, Cadle argued, among other things, that: (1) the Debtors had failed to obey a lawful order of the bankruptcy court, within the meaning of Sections 727(d)(3) and (a)(6)(A) of the Bankruptcy Code ("Code"), 11 U.S.C. §§ 727(d)(3), 727(a)(6)(A); and (2) the Debtors had obtained the discharge through fraud, within the meaning of Section 727(d)(1) of the Code, 11 U.S.C. § 727(d)(1).[1] After thorough review of the record and careful consideration of the parties' briefs, we affirm.

After Cadle presented its case at a bench trial, the bankruptcy court concluded that Cadle had failed to carry its burden to establish a prima facie case for revocation on either of the foregoing grounds. Accordingly, on the Debtors' motion, the bankruptcy court entered final judgment, pursuant to Rule 52(c) of the Federal Rules

---

[1] Cadle does not challenge the entry of final judgment on its other claim -- that the Debtors had acquired property of the bankruptcy estate and failed to report it to the Chapter 7 Trustee, a basis for revocation under Section 727(d)(2) of the Code, 11 U.S.C. § 727(d)(2). Accordingly, any argument arising out of that claim is abandoned and will not be considered. See In re Securities Group 1980, 74 F.3d 1103, 1114 (11th Cir. 1996) (issues not raised clearly on appeal are abandoned).

of Civil Procedure.[2]  The district court subsequently affirmed, finding no clear error in the bankruptcy court's findings of fact and no legal error in its analysis.  This appeal followed.

"In a bankruptcy case, the district court functions as an appellate court, rendering this court the 'second court of review.'" In re Calvert, 907 F.2d 1069, 1071 (11th Cir. 1990) (quoting In re Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990)).  We review the bankruptcy court's judgment independently of the district court's.  In re Int'l Pharmacy & Discount II, Inc., 443 F.3d 767, 770 (11th Cir. 2005).  We review determinations of law made by the bankruptcy court or district court de novo and the bankruptcy court's findings of fact for clear error.  Id.  "[F]indings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made."  Id.

---

[2]Rule 52(c) provides:

> (c) Judgment on Partial Findings. If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P 52(c).

An individual debtor's pre-bankruptcy debts are generally dischargeable in a Chapter 7 bankruptcy case. 11 U.S.C. § 727(a), (b). "Moreover, courts generally construe the statutory exceptions to discharge in bankruptcy 'liberally in favor of the debtor,' and recognize that '[t]he reasons for denying a discharge . . . must be real and substantial, not merely technical and conjectural.'" In re Miller, 39 F.3d 301, 304 (11th Cir. 1994) (quoting In re Tully, 818 F.2d 106, 110 (1st Cir. 1987)). This is so because revocation of a discharge in bankruptcy is an extraordinary remedy. See In re Bowman, 173 B.R. 922, 924 (9th Cir. BAP 1994).

On appeal, Cadle first argues the bankruptcy court erred by concluding that Cadle failed to prove the Debtors' discharge should be revoked for failure to follow a court order. Cadle asserts that the Debtors failed to comply with the bankruptcy court's August 8, 2001 order directing the production of documents and setting a September 2, 2001 deadline for such production.

Sections 727(d)(3) and (a)(6)(A) provide for revocation of a discharge where "the debtor has refused, in the case-- (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . . ." 11 U.S.C. §§ (a)(6)(A), (d)(3). To obtain revocation on this ground, Cadle was required to show that the Debtors willfully and intentionally refused to obey a court order. See Farouki v. Emirates Bank Intern., Ltd., 14 F.3d 244, 249 (4th Cir. 1994) (citation

4

omitted). Thus, a mere failure to obey the order, resulting from inadvertence, mistake, or inability to comply, is insufficient; the party seeking revocation must demonstrate some degree of volition or willfulness on the part of the debtor. Id. In considering whether to grant revocation of a discharge, a bankruptcy court should consider these factors: "[1] the detriment to the proceedings and the dignity of the court against the potential harm to the debtor if the discharge is denied . . .[;] [2] the intent behind the bankrupt's acts -- were they wilful or was there a justifiable excuse; [3] was there injury to the creditors; and [4] is there some way the bankrupt could make amends for his conduct." In re Jones, 490 F.2d 452, 456 (5th Cir. 1974) (citation omitted).[3]

Here, the bankruptcy court found that the Debtors produced 694 documents prior to the deadline set in the August 8th order, and another approximately 5,300 documents after the deadline. However, the bankruptcy court found that the late production of documents, alone, was insufficient to show a wilful or intentional refusal to follow the August 8th order because Cadle had not shown that the Debtors refused to obey, or simply ignored, the August 8th order. Rather, the Debtors produced some 6,000 documents, albeit many of them belatedly, in response to the

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

order. Moreover, the bankruptcy court noted, unlike in <u>In re Constantini</u>, 201B.R. 312 (Bankr. M.D. Fla. 1996), Cadle pointed to no action by the Debtors evincing an attempt to avoid production entirely, or to conceal assets, relating to the belated document production. Indeed, the bankruptcy court found that Cadle had not shown some of the late-produced documents were in the Debtors' possession, or control for that matter, when the deadline elapsed. Finally, the bankruptcy court noted that the late production of documents resulted in <u>no</u> injury to creditors or detriment to the bankruptcy proceedings. Simply put, on this record, we cannot say the bankruptcy court's factual findings leave us with "the definite and firm conviction that a mistake has been made" and thus they do not constitute clear error. <u>In re Pharmacy & Discount</u>, 443 F.3d at 770. And the bankruptcy court's legal analysis fully comported with the factors relevant to a revocation-of-discharge claim under §§ 727(d)(3) and (a)(6), as identified in <u>Jones</u>. <u>See</u> <u>In re Jones</u>, 490 F.2d 452 at 456.

We likewise are unpersuaded by Cadle's argument that it established its case for revocation under § 727(d)(1), which provides, in pertinent part:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if-
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .

6

11 U.S.C.A. § 727(d)(1). Thus, § § 727(d)(1) allows a court to revoke a debtor's discharge if the following criteria have been satisfied: (1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. § 727(a). The party seeking revocation bears the burden of proving each of these conditions by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 289 (1991); Farouki, 14 F.3d at 249.

In the instant case, Cadle suggested that the Debtors had obtained their discharge through fraud, in the form of "material false oaths," within the meaning of § 727(a)(4)(A). The bankruptcy judge disagreed, noting that the errors identified by Cadle did not constitute an attempt by the Debtors to conceal assets. As the bankruptcy judge put it: "[The errors identified by Cadle] are the types of errors that may readily be attributed to inadvertence or honest mistake . . . [and] at least two of the alleged errors (the scheduling of Bank of America as an unsecured creditor and the nondisclosure of transfers between non-debtors) were not clearly erroneous at all." Moreover, the court found that the identified errors, some of which were scheduling errors, were not significant or material to the administration of the bankruptcy estate. Indeed, the bankruptcy court concluded, Cadle could not establish

7

that the Debtors received any benefit as a result of the identified errors, since many of the errors, even if uncorrected, would not improperly enable the Debtors to retain property that otherwise would be property of the bankruptcy estate. From our review of the record, we discern no clear error in the district court's findings of fact and ultimate conclusion that Cadle failed to show that the Debtors' actions and mistakes were knowingly and fraudulently made, or that the errors and mistakes were of a material nature. Accordingly, Cadle did not meet its burden of proof on the first prong of a <u>prima facie</u> case under § 727(d)(1) -- to show that the discharge was obtained through fraud -- and revocation on this basis was properly denied.[4]

Because the bankruptcy court's factual findings are supported by the record, and it did not commit legal error in its analysis of the revocation claims, we affirm.

**AFFIRMED.**

---

[4]Even if Cadle satisfied its burden on the first prong of its case under § 7272(d)(1), the bankruptcy court made a factual finding, which was not clearly erroneous, that Cadle possessed sufficient knowledge of the possible fraud <u>prior</u> to discharge.