**In the Matter of Madalene McCAULEY, Debtor.**

**Madalene McCAULEY, Movant,**

v.

**CHRYSLER CREDIT CORPORATION, Respondent.**

**Bankruptcy No. 93–50887.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Aug. 10, 1994.

A.G. Knowles, Macon, GA, for debtor/movant.

Kerry Howell, Macon, GA, for respondent.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Madalene McCauley, Debtor, Movant, filed a "Motion to Require Turnover of Property" on May 20, 1994. Movant filed a supplemental motion on July 1, 1994. A hearing was held on July 21, 1994. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Movant purchased a 1991 Plymouth Grand Voyager van. Chrysler Credit Corporation, Respondent, financed the purchase. Movant signed a retail installment contract, which required that she obtain physical damage insurance.[1] The insurance policy shows Movant as the owner of the van and Respondent as the loss payee. Respondent perfected its security interest in the van.

Movant filed a petition under Chapter 13 of the Bankruptcy Code on March 30, 1993. Respondent timely filed a proof of claim, asserting a secured claim in the amount of $11,700. Respondent asserted an unsecured claim in the amount of $3,757.10. The Court confirmed Respondent's Chapter 13 plan on June 24, 1993. The confirmed plan would pay in full Respondent's secured claim and would pay a fifteen percent dividend on the unsecured claim. Thus, Respondent would be paid $563.57 on its unsecured claim. The confirmed plan is now final and binding on all parties.[2]

Movant's van was totalled in an accident on February 23, 1994. Movant's insurance company sent Respondent a check in the amount of $12,234.90, which represents the insurance proceeds on the van. The check is jointly payable to Movant and Respondent.

The current balance on Respondent's secured claim is $9,639.61. Respondent has been paid nothing on its unsecured claim.

Movant concedes that the balance of Respondent's secured claim should be paid in full from the insurance proceeds. Movant wants the remaining insurance proceeds turned over to her so that she can purchase another vehicle. Respondent, however, wants the remaining insurance proceeds to be applied against its unsecured claim.

Respondent relies upon *First Fidelity Bank v. McAteer*,[3] a decision by the Third Circuit Court of Appeals. In that case, the bank financed the debtor's purchase of a truck. As security for the loan, the debtor purchased a credit life insurance policy, naming the bank as the primary beneficiary and the debtor's estate as the secondary beneficiary. The debtor filed a Chapter 13 plan which was confirmed by the bankruptcy court. The bank filed a proof of claim in the amount of $13,722.22. The confirmed plan provided that the bank would be paid the fair market value of the truck which was $7,525 as its allowed secured claim. The unsecured claim of $6,197.22 would be satisfied by paying a ten percent dividend. The debtor died about one year after his Chapter 13 plan was confirmed. The insurance company paid the bank $11,356.22. The debtor's widow filed a motion to compel the bank to turn over the insurance proceeds in excess of the amount due the bank under the confirmed Chapter 13 plan.

---

**1.** The retail installment contract provided, in part:

REQUIRED PHYSICAL DAMAGE INSURANCE: YOU ARE REQUIRED TO HAVE PHYSICAL DAMAGE INSURANCE AGAINST ACCIDENTAL DAMAGE TO THE VEHICLE (COLLISION COVERAGE AND EITHER COMPREHENSIVE COVERAGE OR FIRE, THEFT AND COMBINED ADDITIONAL) AS LONG AS THIS CONTRACT REMAINS IN EFFECT. YOU MAY CHOOSE THE PERSON

AND INSURANCE COMPANY THROUGH WHICH INSURANCE IS TO BE OBTAINED PROVIDED THAT INSURANCE COMPANY IS ACCEPTABLE TO CREDITOR AND AUTHORIZED TO TRANSACT BUSINESS IN GEORGIA.

**2.** 11 U.S.C.A. § 1327(a) (West 1993).

**3.** 985 F.2d 114 (3rd Cir.1993).

The issue was "whether proceeds of a credit life insurance policy are the property of the estate of a bankrupt debtor which owns the policy or the property of the creditor beneficiary of the policy." 985 F.2d at 115–16.

The circuit court noted that ownership of a life insurance policy does not necessarily entail ownership of the proceeds of the policy. Once the insured dies, the beneficiary, who may or may not be the owner of the policy, becomes entitled to the proceeds. The circuit court noted that the protection from debt liability under the Bankruptcy Code does not affect the liability of the debtor's insurers. The insurance policy at issue provided that proceeds would be payable to the debtor's estate only if the benefits payable exceeded the debt owed to the bank. The debtor simply owned the policy and was not the primary beneficiary. The circuit court held that the bank was entitled to the credit life insurance proceeds.

Movant relies upon *In re Arkell*,[4] a decision by the Bankruptcy Court for the Middle District of Tennessee. The creditor financed the debtor's purchase of a car. The debtor's confirmed Chapter 13 plan provided that the creditor would be paid the value of the truck as its allowed secured claim. The confirmed plan also provided for a twenty percent dividend on the creditor's unsecured claim. After confirmation, the car was totalled in an accident. The creditor asserted a security interest in all of the insurance proceeds. The debtor contended the creditor's interest was limited by the confirmed plan to the balance owed on the allowed secured claim.

The bankruptcy court held that, at confirmation of the Chapter 13 plan, the creditor had no interest in the casualty insurance in excess of the present value of its security interest in the car. The debtor's insurance policy permitted the insurance company to pay a collision loss to the creditor "as its interest may appear," which was defined by the confirmation order. After confirmation,

the debtor had no obligation to insure the creditor with respect to its unsecured claim.

The bankruptcy court distinguished *McAteer* by noting that in *McAteer* the bank's contract right against the life insurance company was not limited by the value of its security interest in the truck. In *In re Arkell*, the bankruptcy court held that the creditor was entitled only to proceeds sufficient to pay its secured claim. The debtor could use the balance to buy a replacement car.

*See also In re Pourtless*, 93 B.R. 23, 26 (Bankr.WDNY 1988) (lien creditor's rights to casualty insurance proceeds on vehicle are totally extinguished upon payment of sums called for in Chapter 13 confirmation order).

The facts in this case at bar are almost identical to those in *In re Arkell*. The Court is persuaded by the reasoning in *In re Arkell*.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the "Motion to Require Turnover of Property" filed on the 20th day of May, 1994, and "Debtor's Supplementary Motion to Require Turnover of Property" filed on the 1st day of July, 1994, by Madalene McCauley, Movant, hereby are granted; and it is further

ORDERED that Chrysler Credit Corporation, Respondent, hereby is directed to turn over to Movant the sum of $2,595.29.

SO ORDERED.

---

4. 165 B.R. 432 (Bankr.M.D.Tenn.1994).