**In re William ALDERMAN, and Darlene Alderman, Debtors.**

**Bankruptcy No. 92–11232–13.**

United States Bankruptcy Court, D. Montana.

Jan. 28, 1993.

Jerrold L. Nye, Billings, MT, for debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 13 case, the Chapter 13 Trustee objects to confirmation of the Debtors' second Amended Chapter 13 Plan ("Plan"), filed December 10, 1992, on the grounds that the Plan seeks to pay alleged "allowed secured claims" of First Security Bank, for which Proofs of Claim have not been filed and that the Debtors improperly claim a homestead exemption in real property belonging to the Alderman Ranch Partnership, a partnership in which the Debtors own a partnership interest, in violation of the "best interests of the creditors test" of 11 U.S.C. § 1325(a)(4). The Small Business Administration ("SBA") filed an objection to confirmation on January 4, 1993, and a supporting brief on January 7, 1993, joining the Trustee's § 1325(a)(4) objection.

After due notice, hearing on confirmation of the Plan was held at Billings on January 12, 1993. The Debtors, the Trustee, and the SBA were all present or represented. Testimony of the Debtor William Alderman was heard. No exhibits were admitted into evidence. Argument of the Trustee was heard on the necessity for the secured creditor to file a Proof of Claim in order to receive a distribution under the Plan. At the close of the hearing the Court deemed these matters submitted.

The Trustee filed a brief in support of the objection that a Proof of Claim must be filed for a secured creditor to receive a distribution under the Plan on January 21, 1993. The Debtors filed a brief in opposition on January 22, 1993. The U.S. Trustee requested and was granted leave to file a brief in support of the Trustee's argument regarding the necessity for filing a Proof of Claim. The SBA filed a brief before the hearing on its § 1325(a)(4) objection, to which the Debtors filed a response. Upon review of the record and the briefs, this Court deems these matters ripe for decision.

At issue are:

1) Whether the "best interests of creditors test" of § 1325(a)(4) is satisfied when the Debtors claim a homestead exemption in real property that is partnership property, to which no timely objection is made; and

2) Whether a secured creditor must file a Proof of Claim to receive a distribution under a Chapter 13 Plan.

For the reasons set forth below, the Court holds that the "best interests of the creditors test" is satisfied, but that a secured creditor must file a Proof of Claim to have an allowed secured claim entitled to receive a distribution under a Chapter 13 Plan. Confirmation of the Debtors' second amended Chapter 13 Plan, therefore, must be denied because the Plan provides for distribution to secured claims for which Proofs of Claim have not been filed and have thus not been allowed.

The Debtors filed a voluntary Chapter 13 Petition on August 6, 1992, together with Statements and Schedules. Schedule A sets forth the following real property, to-wit:

*REAL PROPERTY:*

William Alderman has .122 share/interest in the following real property located in Powder River County, Montana:

TOWNSHIP 4 SOUTH, RANGE 49 EAST, M.P.M.
Sec. 2:  NE¼, S½NW¼, S½
Sec. 3:  All, less SE¼SE¼
Sec. 4:  All
Sec. 5:  All, less 2.3 acres highway
Sec. 10: N½

TOWNSHIP 3 SOUTH, RANGE 49 EAST, M.P.M.
Sec. 21: S½S½
Sec. 27: All
Sec. 28: S½NW¼, SW¼, N½SE¼
Sec. 29: All
Sec. 34: All
Sec. 15: All

The above real property is owned by Alderman Ranch Partnership, of which William Alderman has .122 share/interest in & to said partnership—5796 acres valued @ $80/ac—$463,680—Debtor's interest...........$56,568.00

E½ Sec. 32–T3S–R49E, MPM, Powder River County, Montana.  William Alderman's undivided ¼ interest .....................$ 4,000.00

At Schedule C the Debtors list the same real property as exempt under the homestead exemption, Mont.Code Ann. § 70–32–101.

First Security Bank ("Bank") is listed as having a secured claim in the amount of $7,300 at Schedule D, out of a total of $173,511 in secured claims.  SBA is scheduled as having a secured claim in the sum of $114,000, and an unsecured claim in the sum of $74,000.  First Security Bank has not filed a Proof of Claim.  The SBA, in contrast, filed a Proof of Claim on December 7, 1992, claiming a secured claim in the sum of $52,500, and an unsecured claim in the sum of $69,580.33.  Under F.R.B.P. 3001(f), a Proof of Claim executed and filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim.  *In re Vanden Bos,* 9 Mont.B.R. 419, 421 (Bankr.Mont. 1991).

No objection was filed to SBA's Proof of Claim, so this Court fixed the amount of SBA's unsecured claim in accordance with the Proof of Claim at hearing on January 13, 1993.  However, the Debtors surrendered their meat market business to the SBA in December 1992, thereby disposing of SBA's secured claim and leaving SBA with its allowed unsecured claim of $69,-580.33.

The Debtors filed a second amended Plan on December 10, 1992.  The Plan provides for payments to the Bank on two "allowed secured claims", even though the Bank has not filed a Proof of Claim.  The Plan provides the following treatment of unsecured creditors: "After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis."  The Plan does not specify the amount of any payments to the unsecured creditors.  The Trustee argues that the amount payable to the unsecured creditors under the Plan should be $7,892.  The SBA concurs.

The Debtors claim a homestead exemption in William Alderman's share of the unencumbered partnership property and Debtors' own real property, and do not propose to pay this amount, $27,628, according to the SBA, under the Plan to the unsecured creditors.  This is the basis of the Trustee's and SBA's § 1325(a)(4) objections.

1.  BEST INTEREST OF CREDITORS— 11 U.S.C. § 1325(a)(4).

The "best interests of creditors test" is found at § 1325(a)(4), which provides:

"the court shall confirm a Plan if—

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

The Trustee argues that the Debtors are not allowed to claim a homestead exemption in partnership property based upon *Grenco Real Estate Investment Trust v. Morris (Grenco),* 48 B.R. 313 (W.D.Va. 1985).  That court noted the difference between the purposes of exemptions in Chapter 7 and Chapter 13.  *Id.* at 314.  A Chapter 7 debtor loses much of the estate to liquidation in return for a discharge, but may use exemptions, such as the homestead exemption, in order to obtain a fresh start.  *Id.*  Under Chapter 13, the narrow purpose of exemptions is informational so as to allow the court to apply the "best interest of the creditors" test of § 1325(a)(4).  The court, "makes a comparison between (1) the creditors' position un-

der the proposed Chapter 13 reorganization plan and 2) the position the creditors would have been in if the debtor had proceeded under Chapter 7." *Id.*

■ Since the purpose of exemptions in Chapter 13 is informational only, the bankruptcy court in *Grenco* did not require the debtor to perfect a Virginia homestead exemption which the debtor would have claimed under Chapter 7, and the district court affirmed that the failure to perfect the exemption did not prohibit consideration of that exemption in conducting the "best interest of the creditors" test. In the instant case Schedule C lists the homestead as recorded on June 26, 1992. The Trustee does not argue that the homestead has not been properly recorded. The SBA states that the Debtors' interest in the partnership has not been claimed as exempt. However, Schedule C clearly refutes the SBA's argument, and both the Trustee and SBA failed to object to the Debtors' claimed homestead exemption. The Debtors having recorded the declaration of homestead pursuant to Montana law, the Trustee's reliance on *Grenco* does not support the Trustee's argument against allowing the homestead exemption in partnership property to undertake the best interest of creditors test.

Both the Trustee and SBA argue repeatedly that partnership property may not be claimed under the homestead exemption. The creditors cite as authority in support of their argument, one case construing 11 U.S.C. § 105(a), *In re Budinsky*, 1991 WL 105640 (W.D.Pa.1991), and *In re Olszewski*, 124 B.R. 743, 746 (Bankr.S.D.Ohio 1991). The Debtors cite in opposition the U.S. Supreme Court opinion *Taylor v. Freeland & Kronz (Taylor)*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which this Court cited in *Braddock v. U.S.A. (In re Braddock)*, 149 B.R. 636 (Bankr.Mont. 1992):

> In *Taylor*, the United States Supreme Court provided the following summary of the procedure for claiming exemptions:
>
> > When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate. See 11

U.S.C. § 541. The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt. Section 522(b) allowed Davis to choose the exemptions afforded by state law or the federal exemptions listed in § 522(d). Section 522(*l*) states the procedure for claiming exemptions and objecting to claimed exemptions as follows:

> > "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt."

> Although § 522(*l*) itself does not specify the time for objecting to a claimed exemption, Bankruptcy Rule 4003(b) provides in part:

> > "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court."

*Taylor*, —— U.S. at ——, 112 S.Ct. at 1167.

> The U.S. Supreme Court went on to state that by negative implication, Rule 4003(b):

> > [I]ndicates that creditors may not object after 30 days 'unless, within such period, further time is granted by the court.' The Bankruptcy Court did not extend the 30 day period. Section 522(*l*) therefore has made the property exempt. Taylor cannot contest the exemption at this time whether or not Davis had a colorable statutory basis for claiming it.

> > Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.

*Taylor*, —— U.S. ——, 112 S.Ct. at 1648.

> The Debtors filed their schedules on August 6, 1992. Schedule C lists the claimed homestead exemption. Schedule A also lists the real property claimed as exempt, and further states that the property is mostly owned by the partnership. The 30 day period under Rule 4003(b) expired on November 21, 1992, with no objection to the claimed homestead exemption, and no

request for further time to file the objection. Under the clear language of *Taylor*, the Trustee and SBA may not now contest the exemption at confirmation more than two months after the deadline, regardless of whether or not the Debtors had a colorable statutory basis for claiming the homestead exemption on their Schedules. This Court would add that the rule applies regardless of whether or not the exemption is informational only, because under § 103(a) of the Code, Chapter 5 applies to a case filed under Chapter 13 and Rule 4003 incorporates Rule 1007, which applies to all Chapter cases.

In light of the clear language of *Taylor*, this Court deems an exercise of its equitable powers under § 105(a) as inappropriate, in that *In re Budinsky* has been effectively overruled. The Debtors' unencumbered share in the partnership property is exempt to the amount allowed by law, and therefore not available for distribution to the unsecured creditors under the "best interests of the creditors test." The Trustee's and SBA's objections are overruled.

Other authority cited by the Trustee and SBA in support of their objections to the homestead exemption in the partnership property includes a segment of Mont.Code Ann. Section 35–10–502(2)(c), which provides in full:

(c) A partner's right in specific partnership property is not subject to attachment or execution except on a claim against the partnership. When partnership property is attached for a partnership debt, *the partners or any of them or the representatives of a deceased partner cannot claim any right under the homestead or exemption laws.* (Emphasis added).

The Trustee and SBA quote the last phrase of § 35–10–502(2)(c), highlighted above, in support of their objections. Taken out of context, that phrase indeed states that partners cannot claim any right under homestead laws. However, the entire sentence limits that phrase to when partnership property is attached for a partnership debt. No such partnership debt or attachment is involved in the instant case. Thus,

§ 35–10–502(2)(c) does not apply to limit the Debtors' right to claim a homestead exemption in the partnership property.

The Official Comment to § 35–10–502(2)(c) provides in pertinent part:

The second sentence in [§ 35–10–502(2)(c)] apparently expresses the weight of authority. (See Burdick 111–113, 299.) A partner has a right to claim exemption if his interest in the partnership is attached for his separate debts. [See 35–10–505(3).]

Mont.Code Ann. Annotations § 35–10–502 Official Comment at p. 216 (1992).

Mont.Code Ann. § 35–10–505(3) provides:

(3) Nothing in this chapter shall be held to deprive a partner of his right, if any, under the exemption laws as regards his interest in the partnership.

Based upon these Montana statutes, the SBA's reliance on *Olszewski* is misplaced. Even were it not, while *Olszewski* provides that partnership property is not considered estate property, the case also states that assets of a partnership are not administered in the bankruptcy cases of the individual partners. *Id.* This latter statement comports with the first sentence of § 35–10–502(2)(c), set forth above. Either way the SBA's argument fails and the Debtors' share of the partnership is not available for liquidation. Thus the "best interests of the creditors test" is satisfied by the second amended Plan, because the Debtors' claimed exempt share of partnership property is not available to the unsecured creditors, assuming the objection to the homestead exemption was timely filed.

Finally, the Partnership Agreement appended to the SBA's objection clearly states that "the partners have acquired certain real property in their individual names as tenants in common which shall be partnership property." The agreement later sets the partners' shares in the real property to be held in the partnership. In light of these provisions, SBA's argument that the Debtors' partnership interest is personal property is not supported by the record.

Based upon the language of *Taylor* and the statutes and comment cited above, the Court finds that the Trustee's and SBA's objections to confirmation under the "best interests of the creditors" test of § 1325(a)(4) are without merit.

The Trustee next argues that the homestead must be limited to $40,000, with the excess paid to the unsecured creditors. The Trustee cites *In re Hyman*, 967 F.2d 1316, 1319 (9th Cir.1992) in support of the argument that failure to object may be excused because the Debtors did not sufficiently notify others that they were claiming a homestead exemption in excess of the amount allowed by law. Such facts do not exist in the instant case. Schedule C claims a homestead exemption to the "maximum allowed," which in Montana is the sum of $40,000. Mont.Code Ann. § 70–32–104(1).

Furthermore, the Debtors in their reply brief filed January 7, 1993, agree that any amount of Debtors' interest in the partnership property which is sold in excess of the $40,000 homestead exemption, must be turned over to the Trustee for distribution to the unsecured creditors. Therefore, there is no contest on this issue. In sum, this Court finds that the "best interests of the creditors test" of § 1325(a)(4) is satisfied and the objections are overruled.

## 2. NECESSITY FOR FILING A PROOF OF CLAIM BY A SECURED CREDITOR.

■ The second issue is whether the Bank may receive a distribution under the Plan on its secured claim when no Proof of Claim has been filed, either by the Bank or by the Debtor. There is a split of authority on whether a secured creditor must file a Proof of Claim. The Trustee and U.S. Trustee argue that in order for a secured claim to receive a distribution under a Plan pursuant to F.R.B.P. 3021, it must first be allowed pursuant to 502(a).

Rule 3021 provides in part: "After confirmation of a plan, distribution shall be made to creditors whose claims have been allowed."

Section 502(a) provides:

"A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."

The Trustee and U.S. Trustee cite several cases which hold that a creditor with a secured claim, like one with an unsecured claim, must file a proof of claim in order to have an allowed claim and receive a distribution through a Chapter 13 Plan. *In re Rogers*, 57 B.R. 170, 172–173 (Bankr. E.D.Tenn.1986); *In re Van Hierden*, 87 B.R. 563, 564 (Bankr.E.D.Wis.1988); *In re Thomas*, 91 B.R. 117, 121 Ftn. 9 (N.D.Ala. 1988), *aff'd*, 883 F.2d 991, 997, 999 (11th Cir.1989); *In re Johnson*, 95 B.R. 197, 201 (Bankr.Colo.1989); *In re Wells*, 125 B.R. 297, 300 (Bankr.D.Colo.1991).

While a secured creditor who has not filed a Proof of Claim may not receive a distribution under a Plan, that does not mean that the secured creditor has no recourse. The secured creditor does not forfeit its lien against its collateral if it fails to file a claim. *Van Hierden*, 87 B.R. at 564; *Thomas*, 883 F.2d at 997. The U.S. Supreme Court recently affirmed that liens may pass through a bankruptcy unaffected through the provisions of 11 U.S.C. § 506(d)(2). *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992). The U.S. Trustee acknowledges this conclusion.

■ Most of the cases cited by the Debtors address only whether a secured creditor's lien is affected by the failure to file a claim. Those cases properly hold that the failure to file does not void the creditor's secured claim or the lien. *In re Novak* 103 B.R. 403, 414–415 (Bankr.E.D.N.Y.1989); *In re Lundy*, 110 B.R. 300, 303 (Bankr. N.D.Ohio 1990); *In re Glick*, 136 B.R. 654, 656 (Bankr.W.D.Va.1991).[1]

---

1. One case cited by the Debtors, *Newman v. First Security Bank of Bozeman*, 887 F.2d 973, 975 (9th Cir.1989), construes the Bankruptcy Act of 1898. It is therefore not controlling, even though it also provides that failure to file a Proof of Claim does not affect a secured creditor's right to the security.

However, the fate of the lien is not at issue in the instant case. At issue is whether a holder of a secured claim must file a Proof of Claim in order to receive a distribution under a Plan. Debtors' own case, *Novak*, 103 B.R. at 414, suggests that by not filing a Proof of Claim the secured creditors:

> [M]ay have lost the right to have their claim be deemed an "allowed" claim (11 U.S.C. § 502(a)) and they may have thereby forfeited the right to share in any distribution from the estate created under Chapter 12, that is to share in the moneys paid to the Chapter 12 Trustee for distribution to creditors. *See, In re Johnson*, 95 B.R. 197 (Bankr.Colo.1989).

On the other hand, there are cases that support Debtors' position that a creditor may have an allowed secured claim and receive distributions under a Plan without filing a timely Proof of Claim. *In re Hydorn*, 94 B.R. 608, 612–613 (Bankr.W.D.Mo. 1988). That court considered "highly relevant ... the apparent rule under Bankruptcy Rule 3002(a) that a secured creditor need not file a proof of claim, unless it is disputed, contingent or unliquidated." *Id.* at 611. Also in *Hydorn*, the court allowed the secured claim at the Chapter 13 Trustee's request, a position opposite to the Chapter 13 Trustee in the instant case. *Id.* at 612.

Rule 3002(a) states: "An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed." From this the *Hydorn* court derived its "apparent rule" governing the lack of a filing requirement for secured creditors, even though secured creditors are not mentioned in Rule 3002(a). Based upon this rule, one prominent commentator writes, "a secured creditor may be provided for in a plan even if it does not file a claim." 5 *Collier on Bankruptcy* § 1327.-01[3] at 1327–10, Ftn. 43 (15th Ed.1992).

Notwithstanding such authority, and recognizing that a split exists, this Court follows the line of authority offered by the Trustee and U.S. Trustee, and holds that in order to receive a distribution under a Plan, a Proof of Claim must be filed on behalf of a creditor with a secured claim. This Court arrives at this holding based upon the clear language of the Bankruptcy Code. Where Rule 3002(a) and other rules are inconsistent with the Bankruptcy Code, they are not binding. *Rogers*, 57 B.R. at 172, Ftn. 1.

Rule 3021 provides that after confirmation of a Plan, distribution shall be made to creditors whose claims have been allowed. Claims are deemed allowed under § 502(a) by the filing a Proof of Claim under § 501. Under § 501(a) a creditor may file a Proof of Claim. Sections 501(b) & (c) permit a Debtor, Trustee, or other entity to file proof of a creditor's claim if the creditor does not timely file. In short, the filing of a Proof of Claim is not mandatory, and a secured creditor's lien survives a bankruptcy case if no Proof of Claim is filed under the authority cited above. *Dewsnup, supra; In re Little*, 8 Mont.B.R. 50, 53 (Bankr.Mont.1989).

However, allowance of a secured claim for its participation in the distribution under a Plan is another matter. In order for a claim to be allowed, a Proof of Claim must be filed. 11 U.S.C. § 502(a). In this Court's view, the key to this issue lies in the definition of "claim" found at 11 U.S.C. § 101(5)(A), where " 'claim' " means—

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, *secured, or unsecured.*

(Emphasis added).

■ This Court finds no ambiguity in § 101(5)(A)'s provision that "claim" includes both secured and unsecured claims. Where there is no ambiguity in the statute, the judicial inquiry must end, and this Court's sole function is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Section 101(5)(A) states that "claim" includes both secured and unsecured rights to payment. Section 502(a) requires proofs of claims to be filed under § 501 in order to be allowed.

No Proof of Claim was filed on behalf of First Security Bank on its secured claim.[2] For failure to satisfy § 502(a) by failure to file a Proof of Claim, the Bank's secured claim has not been deemed allowed. This Court will not disregard the plain language of the Code in order to give effect to an "apparent rule" under Rule 3002(a) as did the court in *Hydorn.* 94 B.R. at 611. Since the Bank's claim has not been allowed under § 502(a), it may not share in any distribution under the Plan under Rule 3021. The Chapter 13 Trustee's objection based upon the Plan's distribution to the Bank must therefore be sustained and confirmation denied.[3]

This ruling works no great hardship on the parties. A creditor has within 90 days after the date of the § 341 meeting of creditors in which to file a Proof of Claim. F.R.B.P. 3002(c). If a secured creditor fails to timely file, its claim is not deemed allowed, but its lien survives the bankruptcy case. The Debtor may file proof of a secured creditor's claim, and thereby provide that the secured claim be allowed and share in distribution, under § 501(c), within 30 days after the expiration of the 90 days set by Rule 3002(c). F.R.B.P. 3004. The House and Senate reports to § 501(c) state:

> "The purpose of [§ 501(c)] is mainly to protect the debtor if the creditor's claim is nondischargeable. *If the creditor does not file, there would be no distribution on the claim,* and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan."

HR Rep. No. 595, 95th Cong., 1st Sess. 352 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978). (Emphasis added).

In this case, the 90 days the Bank had in which to file a Proof of Claim has expired since the § 341 creditors' meeting was held September 21, 1992. That time under Rule 3002(c) may not be enlarged except in limited circumstances not present in this case. F.R.B.P. 3002(c) and F.R.B.P. 9006(b)(3). In contrast, the 30 day period for the Debtors to file a Proof of Claim in the name of the Bank is not so limited under Rule 9006, and may be enlarged at a court's discretion. Rule 9006(b)(1).

Since this matter came under advisement within the 30 day period of Rule 3004, this Court will exercise its discretion to permit the Debtors additional time to file proof of the Bank's claim under § 501(c).

IT IS ORDERED the SBA's and Chapter 13 Trustee's objections, based upon 11 U.S.C. § 1325(a)(4) and § 105(a), to confirmation of the Debtors' second amended Chapter 13 Plan are overruled; the Chapter 13 Trustee's objection to confirmation based upon on the lack of filing of a Proof of Claim for First Security Bank's secured claim is sustained; and confirmation of the Debtors' second amended Chapter 13 Plan is denied.

IT IS FURTHER ORDERED the Debtors are hereby granted a period of ten days from the date of entry of this Order in which to file a Proof of First Security Bank's secured claim, and an amended Plan curing the Chapter 13 Trustee's objection; the creditors are granted a period of five days thereafter in which to file objections or consents; and if no objections are timely filed this Court may confirm the amended Plan without further notice or hearing.

---

**2.** Furthermore, unlike *Hydorn,* the Chapter 13 Trustee did not request that this Court allow the claim as secured.

**3.** The Court also acknowledges the practical and administrative reasons set forth by the Trustee, the U.S. Trustee, and discussed in *Johnson,* 95 B.R. at 197, in support of this result. The Court is confident that the Rules will eventually be amended to resolve this conflict.