In re Bobby L. SCHAFFER and
Wendy L. Schaffer, Debtors.

Bankruptcy No. 93 B 51586.

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

Oct. 13, 1994.

Gary C. Flanders, Rockford, IL, for debtors.

Darren L. Besic and Kevin M. Kelly, Lombard, IL, for Bank One.

Mary P. Gorman, Rockford, IL, has not participated in the submission of briefs, for trustee.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Bank One—Milwaukee ("Bank One") to Allow a Late Filed Claim, Debtor's Memorandum, and Bank One's Reply to Debtor's Memorandum. The Debtor is represented by Attorney Gary C. Flanders. Bank One is represented by Attorneys Darren L. Besic and Kevin M. Kelly. The Trustee is represented by Attorney Mary P. Gorman, but she has not participated in the submission of briefs.

### FACTS

The pertinent facts are as follows. On August 30, 1993, the Debtors filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330. The Chapter 13 plan was confirmed on October 27, 1993. The last date to file a claim was January 11, 1994.

Bank One is a secured creditor of the Debtors. Bank One was granted a security interest in a 1993 Nissan Truck and properly perfected its interest by recording its lien on the title to the vehicle. However, Bank One filed its proof of claim one month and ten days past the bar date.

The Debtors' confirmed plan contemplates payment of Bank One's claim. However, to the extent the claim exceeds the value of the collateral, it is to be treated as unsecured and is to be paid at 50% along with the other unsecured claims. This much is certain, and must be kept in mind throughout this Opinion: To the extent Bank One has an unsecured claim, the late filing is fatal. On April 22, 1994, this Court entered an order disallowing Bank One's claim in its entirety due to the late filing.[1]

On July 8, 1994, Bank One filed its Motion to Allow a Late Filed Claim. The Court will treat the Motion as a Motion to Reconsider.

### STANDARDS FOR RECONSIDERATION

"Motions to Reconsider" are not formally designated by either the Federal Rules of Bankruptcy Procedure or Federal Rules of Civil Procedure, except as provided in 11 U.S.C. § 502(j) and Bankruptcy Rule 3008 which allow reconsideration of orders allowing or disallowing claims against the estate. Section 502(j) provides in relevant part that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Bankruptcy Rule 3008, in turn, provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R.Bankr.P. 3008. Reconsideration of both allowed and disallowed claims may be made at any time before the case is closed. *In re Resources Reclamation Corp.*, 34 B.R. 771, 773 (9th Cir. BAP 1983). The court should weigh the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration,

---

1. The Court is not entirely comfortable with the form of the Order. It has been in use in the Western Division by the Chapter 13 Trustee since time immemorial, and has heretofore given rise to no problems. The Order was signed in response to the Chapter 13 Trustee's "Motion to Allow Additional Claims." Here, the Motion does not seek to allow additional claims, but quite the opposite. The claim of Bank One is referred to as having been "Denied—Late Filed," in the portion of the form providing for the name and address of the creditor and as "Disallowed—Zero" in the portion of the form providing for the amount of the claim. The form of the Order, however, is not at issue here.

and the moving creditor's good faith. *Id.* Rule 3008 has been held permissive and does not require that a party file a motion to reconsider before appealing. *Walsh Trucking Co. v. Insurance Co. of North America,* 838 F.2d 698 (3d Cir.1988).

## DISCUSSION

The question is whether the admittedly late filed secured claim of Bank One should be allowed. The dilemma in which Bank One finds itself is this: If the admittedly late filed claim is disallowed, the Debtor may be able to retain the collateral, a 1993 Nissan Truck, throughout the administration of the case and Bank One will have to await the closing of the case before pursuing its remedies, (if at that time there are any meaningful remedies to pursue). Or, of course, Bank One could move to vacate the stay for cause. Cause would not likely flow from an omission (the late filing) by the party seeking relief from the stay.

The Court must address two fundamental issues: Is there an obligation by a secured creditor to file a claim? If so, what is the time frame for filing.

\*     \*     \*     \*     \*     \*

■ Nothing in the Bankruptcy Code or Rules requires a secured creditor to file a claim. Section 501's use of the word "may" illustrates the provision's permissive nature. A reason for not requiring the filing of a claim by a secured creditor is that the creditor "may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt." *In re King,* 165 B.R. 296, 299 (Bankr. M.D.Fla.1994). The Supreme Court in *Dewsnup v. Timm,* 502 U.S. 410, ——, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992) reemphasizes this reasoning by concluding that failure to file does not affect a lien's validity.

However, certain circumstances warrant the filing of a proof of claim by a secured creditor. The most obvious circumstance is when a secured creditor seeks distribution from the Chapter 13 plan. *In re Alderman,* 150 B.R. 246 (Bankr.D.Mont.1993) is illustrative. *See also In re Wells,* 125 B.R. 297, 300 (Bankr.D.Colo.1991); *In re Thomas,* 91 B.R. 117, 121 n. 9 (Bankr.N.D.Ala.1988) *aff'd* 883 F.2d 991 (11th Cir.1989); *In re Van Hierden,* 87 B.R. 563, 564 (Bankr.E.D.Wis.1988); *In re Rogers,* 57 B.R. 170, 172–73 (Bankr. E.D.Tenn.1986).

The court in *Alderman* agreed with both the trustee and the U.S. Trustee that "in order for a secured claim to receive a distribution under a Plan pursuant to F.R.B.P. 3021, it must first be allowed pursuant to 502(a)." *Id.* at 251.[2] This requirement is based on the clear language of the Bankruptcy Code and Rules.

Bankruptcy Rule 3021 requires distributions to be made to those creditors whose claims are allowed after confirmation. The *Alderman* court then found it necessary to determine what is meant by the words "allowed" and "claim." An allowed claim is one that is filed pursuant to Section 501. 11 U.S.C. § 502(a). A claim as defined by Section 101(5)(A) includes both those that are secured and unsecured.[3] Therefore, the only legitimate outcome is that for both secured and unsecured claims to be allowed, they must be filed under Section 501. To reach any other result would be absurd. *In re Canganelli,* 132 B.R. 369, 390 (Bankr. N.D.Ind.1991) (citing *Hawaii v. Mankichi,* 190 U.S. 197, 213, 23 S.Ct. 787, 789, 47 L.Ed. 1016 (1903) for the proposition that "[s]ince all statutory interpretation cases are seeking to find a way to interpret a statute sensibly, and all laws should receive a sensible construction, general terms should be limited in their application so as to not lead to injustice, oppression or an absurd result.").

Therefore, this Court respectfully declines to follow *In re Rome,* 162 B.R. 872 (Bankr. D.Colo.1993)[4] and other cases reaching simi-

---

2. *See infra* discussion of *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993) for further support of requiring a filing for claims to be allowed.

3. The *Alderman* court places great emphasis on the definition of claim.

4. In *Rome,* the court reaches a contrary result by focusing on the permissive nature of Section 501 and Section 1326. However, the court neglects to examine the applicable rules for distribution under Rule 3021.

lar outcomes.[5]

■ Other courts have found the filing of a secured claim necessary for purposes of valuation. One of the issues before the court in *In re Linkous,* 141 B.R. 890, 895 (Bankr. W.D.Va.1992) *aff'd* 990 F.2d 160 (4th Cir. 1993), was the procedure for a secured status determination in a Chapter 13 case. The court concluded that "a proof of claim must be filed under § 501 as a prerequisite to allowance under § 502, which itself is a prerequisite to invoke a hearing under § 506(a)." Therefore, claims have to be filed to be allowed. *See also In re King,* 165 B.R. 296 (Bankr.M.D.Fla.1994) (requiring a secured creditor to file a proof of claim before establishing the value of the security interest).

Since the secured creditor must file a claim to participate in the plan, the next question becomes what is the proper time frame to file the claim.

\*       \*       \*       \*       \*       \*

■ Before addressing that question, one point that merits further discussion is Bank One's reference to Section 1111 to support its argument that a secured creditor is not required to file a proof of claim. Bank One's reliance on Section 1111 is misplaced. Section 1111(a) unambiguously permits creditors the freedom of not filing a proof of claim, yet allowing the claim and participation in the distribution. 11 U.S.C. § 1111(a). However, this section **only** applies in Chapter 11 cases. *See In re Johnson,* 95 B.R. 197, 201 (Bankr. D.Colo.1989). If Congress wanted to expressly permit creditors leeway in not filing claims, yet allowing those claims, it knew how to do so. Nothing in the Code or Rules provides that liberty in Chapter 13.

\*       \*       \*       \*       \*       \*

Case law exists on the issue of late filed claims in the context of a Chapter 13 case. Bank One refers to the well known case, *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn. 1992), for the proposition that tardily filed claims are allowed and that it is the treatment of a claim that is effected by timeliness, not allowance. However, the Court in its reconsideration declines to follow *Hausladen,* and instead adopts the rationale and holding of *In re Zimmerman,* 156 B.R. 192 (Bankr. W.D.Mich.1993), which is set forth below.[6]

\*       \*       \*       \*       \*       \*

In *Zimmerman,* the bankruptcy court decided *en banc* the issue of whether late claims must be allowed in Chapter 13 cases. The *Zimmerman* court examined this issue by analyzing the dichotomy between the applicable substantive and procedural law, specifically Sections 501 and 502, and Bankruptcy Rule 3002(c).

The court began its analysis at Sections 501 and 502 of the Bankruptcy Code. For a claim to be allowed under Section 502, it must first be filed in compliance with Section 501. *Id.* at 195. However, neither Section 501 nor 502 explicitly sets forth a time frame for filing a claim.[7] The court correctly looked to Bankruptcy Rule 3002(c) for the proper timing requirement. *See also In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993) (applying the same reasoning).

■ Bankruptcy Rule 3002(c) applies to Chapter 13 cases and states that:

[A] proof of claim **shall** be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, ...

This rule not only sets forth the time limit of 90 days, but also requires that claims be filed in accordance with its provisions through the use of the word "shall." [8]

---

5. *In re Edwards,* 162 B.R. 868 (Bankr.D.Colo. 1993); *In re Babbin,* 156 B.R. 838 (Bankr. D.Colo.1993) and *In re Judkins,* 151 B.R. 553 (Bankr.D.Colo.1993) reach a contrary result by adopting the flawed reasoning of *Hausladen.*

6. The Court recognizes that the *Zimmerman* case involves an unsecured claim. However, the Court considers the analysis to be equally applicable to those creditors holding secured claims.

7. However, Section 501(b) and 501(c) use the word "timely" indicating that there is some type of time frame in which to abide.

8. Bankruptcy Rule 3002(c) does not explicitly distinguish between secured and unsecured creditors. The use of the word "unsecured" in Rule 3002(a) does not automatically transcend to the rest of the provisions of 3002. If Congress wanted to exclude secured creditors from the require-

Therefore, before a claim can be examined for substantive defects under Section 502, the procedure for filing must be complied with. In arriving at this conclusion, the *Zimmerman* court stated:

> [t]he relationship between § 502 and F.R.B.P. 3002 evidences this substantive/procedural balancing. The enumerated grounds for denying allowance of a claim under § 502(b) are addressed to what has typically been considered substantive matters. By contrast, F.R.B.P. 3002 concerns itself with the procedure which must be followed in filing a claim. It is concerned with the time and place of filing but is silent as to the substantive aspects of the claim. This complementary interpretation of § 502 and F.R.B.P. 3002 is mandated by the presumption that the drafters of the rules did not intend to nor did they make substantive law when F.R.B.P. 3002 was enacted.

*Id.* at 197.

Construing Bankruptcy Rule 3002 as a time bar is further supported by a Northern District of Illinois case, *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993). In arriving at this conclusion, the *Johnson* court relied on *In re Danielson,* 981 F.2d 296 (7th Cir.1992). The *Danielson* court, although not specifically addressing Bankruptcy Rule 3002, found that Bankruptcy Rule 3004 required the timely filing of a claim by debtors or trustees on behalf of creditors, despite its permissive language. Based on this reasoning, the *Johnson* court concluded that "[b]ecause the *Danielson* court construed Rule 3004 as establishing a time bar and because the language of Rule 3002 is less permissive, the Court feels compelled to interpret Rule 3002 similarly." *Johnson,* 156 B.R. at 559. This Court is compelled to do the same.

■ *Zimmerman* next examined the meaning of the word "disallowed" in conjunction with Section 502. The word "disallowed" does not appear in section 502, but it is often equated with those claims that fall within the Section 502(b) exceptions to allowance or claims not meeting the Bankruptcy Rule 3002(c) requirements. *Id.* at 198. However, the requirement of filing and the substantive aspect of disallowance are mutually exclusive. It is not possible to examine a claim for "disallowance," unless the claim has first been filed.[9] As *Zimmerman* notes, this process is similar to an "answer to a complaint, whether a claim is eligible to be considered under § 502 at all depends upon its proper and timely filing." *Id.* at 198.

■ Furthermore, *Hausladen's* rejection of the word "bar date" with respect to Section 502 leads to a misconception. Specifically, "*Hausladen* implicitly presumes that barring a claim as untimely, and thus preventing it from ever being "deemed allowed" under § 502(b), is the equivalent of "disallowing" the claim under § 502(b)." *Zimmerman,* 156 B.R. at 198. Not only is there a lack of authority to support that assumption, but it also leads to obscuring the substantive/procedural dichotomy surrounding Section 502 and Bankruptcy Rule 3002(c).[10] *Id.* at 198–99.

■ If Bank One is to participate in distributions under the plan, it must adhere to the proper filing requirements. A Northern District of Illinois Bankruptcy Court concluded that "the plain language of the Code Provisions and Rules of Bankruptcy Procedure as well as the Seventh Circuit case law requires this Court to not allow untimely or tardily filed claims in a chapter 13 context." *In re Johnson,* 156 B.R. at 562. This Court embraces that conclusion to include secured creditors seeking to participate in the plan's distributions.

Therefore, although Bank One argues that lateness is not a ground for **disallowance** under Section 502(b), the Court concludes that Bank One's late filed claim is **barred,**

---

ments of 3002(c) it would have done so as part of the exceptions to that section.

**9.** *Zimmerman* recognizes that the *Hausladen* court does not view filing and the substantive analysis as two steps but rather a single process. *Zimmerman,* 156 B.R. at 198.

**10.** The concurring opinion noted that with respect to Section 506(d) Congress made a distinction between disallowing a claim under Section 502 and not allowing the claim under Section 501. *Zimmerman,* 156 B.R. 192, 200 (Bankr. W.D.Mich.1993) (Gregg, J., concurring).

thus disallowed for the purpose of distribution by the Chapter 13 Trustee.

\* \* \* \* \* \*

 The Court's statutory interpretation is complemented by sound bankruptcy policy. One goal of the Chapter 13 reorganization is to rehabilitate the debtor. Finality and swift distribution of the Chapter 13 plan expedite this goal. The *Zimmerman* court cited *In re Nohle*, 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988) for that proposition:

> Bankr.R. 3002(c) is strictly construed as a statute of limitations since the purpose of such a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." *See In re Johnson*, 84 B.R. 492, 494 (Bankr.N.D.Ohio 1988) [other citations omitted].

*Zimmerman*, 156 B.R. at 199.

If creditors of any stripe were permitted to file claims at their discretion, sloppy and inconsistent responses by creditors would ensue. Many estates would be impossible to administer. A successful reorganization under Chapter 13 requires effort from both the debtor and creditors. The Trustee relies on the claims on file at the end of the claims period in determining the distribution of dividends that ultimately affects the length and feasibility of the debtor's plan.

Rule 3001(d) requires a secured creditor to attach proof of a validly perfected security interest to its proof of claim. If the secured creditor is not required to file a proof of claim and supporting documents, there is no claim to which the Trustee can object. The Trustee is not omniscient.

The problem is discussed in a recent article in the American Bankruptcy Institute Journal. The authors noted that the Chapter 13 Trustee's duties include objecting to the allowance of improper claims. Without a claim filed, the trustee is put at a "distinct disadvantage." Therefore, the authors expressed concern with those cases that permitted late filed secured claims. Those cases will

> "compel a standing trustee to either object to the confirmation of any chapter 13 plan in which a secured proof of claim has not

been filed . . ., assume that every secured creditor listed on Schedule D of the debtor's schedules submitted with a chapter 13 petition is a non-avoidable and valid security interest in the property of the debtor, or standing trustees must conduct detailed, expensive and time-consuming searches with state and local officials for proof of proper perfection."

Henry Hildebrand III, *Filing of Claims by Secured Creditors*, 13 Am.Bankr.Inst.J. 17 (May 1994).

### CONCLUSION

The secured creditor has a lien which may survive the bankruptcy. Therefore, it only makes sense that the secured creditor who seeks to participate in the receipt of disbursements from the Chapter 13 Trustee must comply with the same "time-for-filing" requirements imposed on the unsecured creditor.

The Motion of Bank One to Allow a Late Filed Claim should be DENIED.