**In re Darlene F. RUGGLES, Debtor.**

**Bankruptcy No. 97–10027 FGC.**

United States Bankruptcy Court,
D. Vermont.

May 30, 1997.

---

58

J. Sensenich, White River Junction, VT, Chapter 13 Standing Trustee.

T. Taylor, Law Offices of Todd Taylor, P.C., Burlington, VT, for Debtor Ruggles.

## MEMORANDUM OF DECISION
## CONFIRMING PLAN

FRANCIS G. CONRAD, Bankruptcy Judge.

The issue before us[1] today is whether Debtor's proposed Chapter 13 plan meets the tests set forth in 11 U.S.C. § 1325. More specifically, we examine whether Debtor's plan was proposed in good faith under

---

**1.** Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to the Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes findings of fact and conclusions of law under Fed.R.Civ.P. 52, as made applicable by Fed.R.Bkrtcy.P. Rule 7052.

§ 1325(a)(3) and whether it meets the "best interest of the creditors" test as provided in 11 U.S.C. § 1325(a)(4). Although no objections to confirmation were interposed, we have a statutory duty to ensure that these fundamental conditions to confirmation have been met. We find that they have, and confirm the plan.

## FACTS

Debtor filed her Chapter 13 petition on January 8, 1997, just eight days after Vermont's homestead exemption increased from $30,000 to $75,000.[2] Her Schedule A indicates that she owns a duplex worth approximately $125,000 on which there is a secured claim of $75,000. Accordingly, Debtor proceeded to claim a $50,000 homestead exemption in the entire equity of the duplex. Admittedly, Debtor lives in one of the two units in the duplex and rents out the other unit for $510 per month. The duplex sits on an undivided parcel and is divided only by a party wall. The mortgage and taxes are paid on the entire complex.

Debtor's Chapter 13 plan, filed on January 13, indicates that she is current on her mortgage obligation and proposes to pay this mortgage and her one other secured creditor outside of the Chapter 13 plan. The sole purpose of the plan is to retain exempt and non-exempt assets while paying a minimal return to unsecured creditors. The plan proposes to pay $6,327 toward the $59,115 of unsecured credit card debt over three years, or approximately ten percent. This is purportedly $500 more than what the unsecured creditors would get in a hypothetical Chapter 7 because Debtor has claimed over $100,000 worth of property as exempt. Finally, Debtor's comfortable income stream (by Vermont standards) perfectly compliments her comfortable budget thereby ensuring that all of her disposable income over the three year life of the plan equates with the $6,327 figure.

## DISCUSSION

In light of the foregoing facts, we must fulfill our duty to examine wh t is in the best interest of her creditors. We also must decide whether the plan, despite its patent purpose, was proposed in good faith and not by any means forbidden by law.

As we previously noted, no objections to confirmation were made by any party in interest. Even so, section 1325(a)(4) imposes upon us an independent duty to determine whether the proposed plan is in the "best interests of the creditors." *See* 11 U.S.C. § 1325(a)(4); *In Re Gale,* 8 B.R. 960, 961 (Bkrtcy.D.Md.1981). A liquidation analysis is crucial to ensure that creditors will receive what they would have received in a Chapter 7. Section 1325(a)(4) states:

(a) Except as provided in subsection (b), the court shall confirm a plan if—(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Subsection (b) lays out specific criteria that a court must adhere to if it wants to confirm a plan over the objections of the trustee or unsecured claims. Unquestionably, a court cannot confirm a plan if it does not meet the best interests of the creditors test set out in § 1325(a)(4).

Notwithstanding the above, Debtor points out that in determining what is in the best interests of the creditors, we are without power to examine the merits of her claimed exemption. Debtor cites § 522(*l*) which states that unless a party in interest objects to the exemption list filed by a debtor, "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). No one objected to Debtor's claim of exemption within the thirty-day period prescribed by Rule 4003(b). Therefore, as the Supreme Court held in interpreting the previous code section and rule, after the expiration of the thirty-day period, a party cannot contest the claimed exemption "whether or not [the debt-

---

**2.** We do not decide in this memorandum about the retroactive effect of Vermont's recently amended homestead exemption. We have sever-

al opinions under advisement where this issue is squarely raised.

or] had a colorable statutory basis for claiming it." *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992).

On this point, we agree with Debtor and also Judge Peterson in *In Re Alderman*, 150 B.R. 246 (Bkrtcy.D.Mont.1993). In a similar situation, Judge Peterson held that unobjected to exempt property cannot be available for distribution to unsecured creditors under the "best interest of the creditors test." *Id.* at 250. The court found this to be so even though exemptions in a Chapter 13 merely inform the court of the liquidation value of the estate and are not actually put into use as in a Chapter 7 where debtors must liquidate all non-exempt assets. *Id.* at 248–50. The court explained that "under § 103(a) of the Code, Chapter 5 applies to a case filed under Chapter 13 and Rule 4003 incorporates Rule 1007 which applies to all Chapter cases." *Id.* at 250.

More importantly, we note that § 1325 (a)(4) compels us to look at the value of the property to be distributed under the plan as compared, not to a hypothetical liquidation value, but to the amount that would be paid if the "estate of the debtor" were liquidated under Chapter 7. 11 U.S.C. § 1325(a)(4). Therefore, we are without authority to re-create the estate of a debtor and ponder over what a hypothetical liquidation "should" bring. Further, as our holding in *In Re Freese*, 1996 WL 69702, *3 (Bkrtcy.D.Vt.) describes, if this case were to convert to one under Chapter 7, a trustee would not be given a second chance to object to Debtor's claim of exemptions. Debtor's estate was fixed at the time of the expiration of the thirty-day objection period of Rule 4003(b). Accordingly, we hold that when undertaking a liquidation analysis to determine what is in the best interests of the estate's creditors, property which was exempted from the estate without objection may not be considered.

■ Our next task is to determine whether the plan was proposed in good faith and not by any means forbidden by law under § 1325(a)(3). In doing so, we first find

that the Supreme Court's holding in *Taylor v. Freeland & Kronz, supra*, is limited to the interpretation of § 522(*l*) and Rule 4003(b). It held that exemptions cannot be contested after the expiration of the thirty day period regardless of their colorable statutory basis because the Court had "no authority to limit the application of § 522(*l*) to exemptions claimed in good faith." *Id.* at 645, 112 S.Ct. at 1648–9. We do not dispute that in a Chapter 7 case, any property for which an unobjected to claim of exemption is filed will remain property of the debtor and will be exempt from inclusion in the bankruptcy estate. We do, on the other hand, find that we have the distinct and absolute authority, under § 1325(a)(3), to examine the overall good faith of a proposed plan and its purpose, without regard to the expiration of the time period set forth in Rule 4003(b). This examination may include close scrutiny of a claim of exemption if such an assertion brings to light an improper purpose for the Chapter 13 filing.

For example, if a debtor were to file a petition claiming a homestead exemption, which well exceeded the statutory limit, just hoping to get away with such an exemption by declaration and then proceeded to file a plan that paid two cents on the dollar to unsecured creditors, we could find that the plan was not proposed in good faith and did attempt to abuse the law. Doing so would be in keeping with our directive under the bankruptcy code to follow the requirements of § 1325 and to prevent abuse of process under § 105(a)[3]. Although we note that there is no set minimum payment under which a "good faith" alarm sounds, a low payment, in combination with a debtor's motivations, could trigger a finding of bad faith and a concomitant dismissal. *See In Re Kitchens*, 702 F.2d 885, 888–9 (11th Cir.1983).

We must decide, then, whether Debtor's claim of exemption in the equity of her entire duplex was in bad faith or is forbidden by law because, as noted in the facts, the sole purpose for Debtor's plan is to retain the large amount of equity in the duplex while

---

**3.** Section 105(a) states in part: "... No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action ... to enforce or implement court orders or rules, or to prevent an abuse of process."

making minimum payments to unsecured creditors.

Under 27 V.S.A. § 101, a person's homestead is exempt from execution. The statute reads:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $75,000 in value, and owned and used or kept by such person as a homestead together with rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided.

According to the plain meaning of the statute, claiming an exemption in a duplex does not appear to be forbidden by law. We find the legislature's desire to exempt rents derived from the homestead property instructive. We are also persuaded by the fact that Debtor and her tenants use the property for residential purposes and that the property is undivided. Finally, because under Vermont law the property is indivisible, any finding that the homestead does not extend to the rented portion of the duplex would force a sale of the entire complex and effectively eliminate Debtor's homestead right.

In light of the foregoing, we conclude that Debtor has a good faith motivation for claiming an exemption in the equity of her entire duplex. Accordingly, because the bankruptcy code has afforded her the right to claim the $50,000 of equity in her duplex as exempt, she is under no obligation to pay her unsecured creditors any more than the Chapter 7 liquidation value of her estate as calculated in her Chapter 13 plan. Debtor's plan is presumably filed in good faith and is in the "best interest of creditors" as defined by the bankruptcy code.

## CONCLUSION

Debtor's Chapter 13 plan is confirmed. It was filed in good faith and is in the best interest of her creditors. Debtor is to submit an order within 10 days.