### In re Voula TRIGONIS, George Trigonis, Debtors.

#### Bankruptcy No. BK–S–98–20799–RCJ.

United States Bankruptcy Court, D. Nevada.

Argued and Submitted April 28, 1998.

Decided July 17, 1998.

Beverly J. Salhanick, Las Vegas, NV, for Debtors.

James F. Lisowski, Sr., Las Vegas, NV, for Trustee.

### MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTION

ROBERT CLIVE JONES, Bankruptcy Judge.

#### FACTS

Debtors own a four-plex where they reside in one unit and lease the other three. The Debtors' schedules list the property as having a value of $205,000, with a secured claim

---

of $138,000. The debtors claim a homestead exemption on the property pursuant to Nevada's homestead statute, Nev.Rev.Stat. § 115.005, et seq. The chapter 7 trustee subsequently moved this court for an order denying the debtors' exemption, arguing that the exemption may not cover the entire property since the debtors live in only one of the four units.

## ISSUE

May the debtors claim a homestead exemption under Nev.Rev.Stat. § 115.005 et seq. in an entire four-unit apartment building owned by the debtors when the debtors live in one unit and lease the other three units to third-parties?

## DISCUSSION

The trustee argues that the debtors may claim a homestead exemption only in one-quarter of the property, which represents that portion of the property actually used by the debtors as their personal residence. The definition of a "homestead" varies from state to state. Under the Nevada statute, " 'Homestead' means the property consisting of ... [a] quantity of land, together with the dwelling house thereon and its appurtenances ...." Nev.Rev.Stat. Ann. § 115.005(2)(a)(Michie 1993). The Nevada exemption statute states:

1. The homestead is not subject to forced sale on execution or any final process from any court, except as provided by subsections 2 and 3.

2. The exemption provided in subsection 1 extends only to that amount of equity in the property held by the claimant which does not exceed $125,000 in value.

Nev.Rev.Stat. Ann. § 115.010(1)-(2)(Michie 1993). Homestead laws are to be construed liberally in favor of the persons for whose benefit they were enacted. *Jackman v. Nance*, 109 Nev. 716, 857 P.2d 7, 8 (1993).

The Nevada Supreme Court explained the broad application of Nevada's homestead exemption in *Jackman v. Nance*. In *Jackman*, the debtor claimed a homestead exemption in a 6,380 square-foot building in which he operated an equipment rental business. The debtor also created a 1,200 square-foot apartment in the building for his personal residence and filed a homestead declaration on the property. The bankruptcy trustee challenged the exemption. The court stated that the statute and related case law

reflect the policy of this state to provide a debtor with homestead protection which attaches to a "quantity of land" with the dwelling up to the amount of equity provided by the legislature, so long as any property claimed in addition to the bona fide dwelling, consists of land, appurtenances, hereditaments, tenements, etc., which are an integral part of the overall family enterprise.

There are essentially two prevailing views regarding the availability of the homestead exemption. The first view focuses upon the use of the property. Many of the jurisdictions adopting this view are bound by constitutional or statutory mandates indicating that the homestead will include a certain quantity of land and dwellings. The second view is that currently held by Nevada. That is, the "quantity of land" and the dwelling and other buildings are limited only by the total value of the homestead, regardless of use, provided the claimants actually reside on the premises and use it as their residence.

*Jackman*, 857 P.2d at 10. The *Jackman* court is clear that the homestead exemption will extend to any "quantity of land ... regardless of use." In this case, *Jackman* leads to the conclusion that the debtors' entire property is covered by the homestead exemption, not just the debtors' dwelling unit or a one-fourth part of the property. The creditor's argument that the debtor should be limited to a one-quarter proportion of the equity is clearly rejected by the *Jackman* court: "any analysis or evidence of the proportion of value of the dwelling to the total value of the entire property included in the description of the homestead is of no legal significance." *Id.* Therefore, this court concludes that the debtors' exemption extends to the entire property.

The trustee cites two Florida cases to support the position that the homestead does not

extend to the other three units: *In re Aliotta*, 68 B.R. 281 (Bankr.M.D.Fla.1986)(allowing a homestead exemption on only one unit of a four-plex) and *In re Wierschem*, 152 B.R. 345 (Bankr.M.D.Fla.1993)(allowing a homestead exemption on only one of five dwelling units). However, those cases were decided under a use-type homestead exemption that is not at issue here. The Florida Constitution expressly states that regardless of the size of the property, "the [homestead] exemption shall be limited to the residence of the owner or his family." *Aliotta*, 68 B.R. at 282; *Wierschem*, 152 B.R. at 347. As the *Jackman* court explained, a use-type exemption may create a different result than that required by Nevada law.

Cases from other jurisdictions are consistent with this holding. Other courts interpreting exemption statutes similar to Nevada's also conclude that the debtor may claim an exemption in the entire property even though the property consists partly of rental units. In Colorado, the bankruptcy court allowed a homestead exemption on an entire duplex where "homestead" was defined as "a house ... and any number of acres." *Wells v. West Greeley Nat'l Bank*, 29 B.R. 688, 689–90 (Bankr.Colo.1983). In Vermont, a bankruptcy court allowed a homestead exemption on the whole duplex where "homestead was defined as a "dwelling house, outbuildings and the land used in connection therewith ... together with rents...." *In re Ruggles*, 210 B.R. 57, 61 (Bankr.Vt.1997). In North Dakota, the debtors claimed a homestead exemption in property which included a two-story building with a basement. The building had two apartments on the second floor. One apartment was their personal residence and the other was rented out. The main floor and basement were used by commercial tenants. North Dakota's homestead exemption consisted of "the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land...." The bankruptcy court allowed a homestead exemption on the entire property. *In re Patten*, 71 B.R. 574, 575–76 (Bankr.N.D. 1987).

## CONCLUSION

The statutory language of the Nevada homestead exemption and its interpretation by the Nevada Supreme Court indicate that the exemption extends to "a quantity of land." The exemption is limited only by the actual residence of the debtors and the exemption value. Therefore, the debtors' exemption extends to the entire four-plex and other property properly included in the homestead. This conclusion is consistent with cases from other jurisdictions interpreting similar exemption provisions.

THEREFORE, the Trustee's Objection to Debtors' Exemption is **DENIED**.